## KIMBRO vs. WALLER.

1. An attorney at law may interpose the plea of the statute of limitations, when sued by his client for money which he has collected as attorney, and failed to pay over.

2. Although no action can be maintained against an attorney at law for failing to pay over money collected for his client, until he has failed or refused to pay it over *after demand made*, yet the client cannot, by this principle of law, excuse his laches in not making a demand within a reasonable time after the collection and conversion of the money by the attorney.

3. In assumpsit against an attorney at law for money collected as attorney and not paid over, defendant pleaded the statute of limitations, to which plaintiff replied "that the money sued for was collected by defendant, as an attorney at law, in the State of Tennessee, and that no demand was made of him for said money until a short time before the commencement of this suit, and that the statute only began to run from the demand." *Held:*
That the replication was demurrable.

ERROR to the Circuit Court of Butler.

The plaintiff in error brought an action of assumpsit against the defendant, in the Circuit Court of Butler. The declaration contains two counts. The first avers, that the defendant, in 1836, being an attorney and counsellor at law, collected, as such, a sum of money for the plaintiff, from one Davis, which he has failed and refused to pay over.

The second is the ordinary mixed count for work and labor, money had and received, &c.

The defendant pleaded the statute of limitations; to which

the plaintiff replied, " that the money sued for was collected by the defendant as an attorney at law in the State of Tennessee, and that no demand was made of him for said money, until a short time before the commencement of this suit, and that the statute only began to run from the demand." To this replication there was a demurrer, which was sutained by the court, and the plaintiff refusing to reply over, judgment was rendered for the defendant.

From this judgment the plaintiff prosecuted his writ of error to this court, and here assigns the judgment of the court below on the demurrer, for error.

J. F. JOHNSON, for plaintiff in error:

1. The replication is good, and the demurrer to it should have been overruled. Towns, Executor v. Bardwell, 1 S. & P. 36.

2. The replication avers, that the money was collected by defendant while he was a resident of another State, which is admitted by the demurrer. The court will not presume that defendant's residence has been changed, and that he has resided in this State more than six years, before the commencement of the suit. Defendant should have shown this by rejoinder, if such be the fact. Defendant must show, that no remedy exists against him, under our laws. It is not incumbent on plaintiff to do so. Jones v. Jones, 18 Ala. 248.

3. The defendant must show, that he has been within the jurisdiction of our courts the entire period provided by our statutes as a bar. Smith's Administrators v. Heirs of Bond, 8 Ala. 386.

LIGON, J.—The pleadings appear to have been made up in short in the court below, and consequently we shall pay no regard to the form, since we think there can be little difficulty in ascertaining what is the substance of the replication.

The only question presented for our consideration is, whether an attorney at law will be allowed to interpose the plea of the statute of limitations, when sued by his client for a failure to pay over money which he has collected as attorney.

In this form this question has never before arisen in this court, so that in its consideration we must be guided by prin-

ciple, and the decisions of other courts which have passed upon it.

Claims of this character are not included in the exceptions enumerated in our statute of limitations; (Clay's Dig. 326, § 78) nor does the relation of attorney and client belong to that class of express, continuing and subsisting trusts, to which the statute is, in equity, held to be inapplicable. It is, at most, but a constructive trust. Angell on Lim. 199. There is nothing, then, in the statute itself, in the nature of the demand, or in the relation of the parties, to prevent the statute from running, and the attorney from interposing the plea.

It is well settled, upon authority, that no action can be maintained against an attorney for failing to pay over money collected for his client, until it has been demanded, and he has failed or refused to pay it over. Taylor v. Bates, 5 Cowen 376; Rathbun v. Ingalls, 7 Wend. 320; Staples v. Staples, 4 Greenl. 533; Taylor v. Armstead, 3 Call 200; Hutchings v. Gilman, 9 N. Hamp. 359; Buchanan v. Parker, 5 Iredell 597. But if an attorney may shield himself from responsibility, upon the ground that no demand has been made, it does not follow, that the client can excuse his laches by a principle which is intended to protect from costs an agent who has acted honestly and diligently in the business of his principal. Although the defendant may have been guilty of gross negligence in this case, which would have subjected him to a suit, the plaintiff also has been guilty of negligence, by which, in an ordinary case, he would have lost his right of action. He places his claims against Davis in the hands of the defendant in 1836; yet he appears to have made no inquiry about them for fourteen years. Although an attorney may protect himself from suit by want of demand, he is not, for this reason, to be subject all his lifetime to the stale demands of his clients. The plaintiff should have made his demand in a reasonable time after the money was collected and converted by the attorney, so as to bring his suit within the six years allowed by the statute. The conversion here is averred to have taken place in 1836; the plaintiff, therefore, should have brought his suit within six years from that time, and it is no excuse for him that he had made no demand. It was his own fault that he did not put himself in a condition to

sue, and he will not be allowed to take advantage of his own laches. 4 Peters 172; 13 Sm. & Mar. 328; 15 Wend. 302.

There is no error in the judgment, and it is consequently affirmed.