## No. 8185.

EMILE CLOUTIER ET AL. vs. R. E. LEMÉE, PROVISIONAL SYNDIC, ET AL.

| | |
|---|---|
| 33 | 305 |
| 48 | 1261 |
| 49 | 82 |

| | |
|---|---|
| 33 | 305 |
| e109 | 288 |

| | |
|---|---|
| 33 | 305 |
| 118 | 347 |

The duties and powers of the syndic of an insolvent succession are the same as those of syndics of insolvent debtors; he must preserve the assets under his charge from loss by prescription; and for that reason, he is authorized to issue execution on a twelve months bond.

The illegality of his appointment cannot be inquired into collaterally and does not affect the validity of his official acts. Previous Decisions affirmed.

The acknowledgment of a debt by the administrator of a succession suspends prescription during the entire pendency of the administration. Reaffirming previous Decisions.

Seizure and notice, under execution of a twelve months bond, interrupts prescription, as in cases of executory process.

APPEAL from the Eleventh Judicial District Court, parish of Natchitoches. *Pierson, J.*

*C. Chaplin* and *Wm H. Jack* for Plaintiffs and Appellees :

First—Laws of prescription are in their very nature *arbitrary and against equity,* and cannot be relaxed except under positive law providing for interruption and suspension; there are no legal causes of interruption or suspension except those incorporated in the Civil Code.

Second—The acknowledgment of an obligation by an administrator *only interrupts* prescription, but does not suspend it; that his acknowledgment as a fiduciary should have greater effect as against the estate of a deceased person than the acknowledgment of that person himself if *alive*, is opposed to law and good reason.

Third—The doctrine of "*contra non velentem*" was never a principle of our elementary law, and has properly been eliminated from our jurisprudence.

20

*Watkins & Scarborough* and *E. E. Buckner* for Defendants and Appellants :

First—That all the plaintiffs are equitably barred and estopped from assailing the title of Ambrose Deblieux at syndic's sale on January 6th, 1872, having stood by when the sale was made, and having acquiesced therein for several years since.

Second—That three of the plaintiffs, viz: Emile Cloutier, Ambrose Deblieux and Fulbert Cloutier, are equitably bound and estopped from introducing evidence tending to defeat the said syndic's sale—Deblieux being the adjudicator, and Emile Cloutier and Fulbert Cloutier having acquired title from, and now being in possession under, him, of the lands claimed. 15 A. 648; 1 N. S. 577; 4 N. S. 402; 8 La. 237; 4 A. 250; 1 R. 369 ; 5 A. 677.

Third—Mere illegality in the appointment of an administrator or syndic, will not vitiate the acts done under it. The acts of the officer in such case are valid, although he should have been illegally appointed. 32 A. 364, *Altemus' ξ uccession.*

Fourth—Illegality in the *act* must be alleged and proved. 30 A. 268, Succession of Dugart; 32 A.——Bunovan vs. Parker. In case at bar, the provisional syndic is enjoined from *collecting* an asset of the estate, not from *alienating* its property.

Fifth—The forms and duties of provisional syndics are defined. R. S. 1793; and among them is the right to demand and receive "all the claims of the insolvent debtor." 11 R. 28, Bradley vs. Creditors. Under the law and the facts of this case there can be no question of Lemee's "power or authority," as provisional syndic, and of the regularity of his proceedings. C. P. 990, 719 ; C. C. 1224, 1225.

Sixth—A twelve-months' bond "is a written obligation to pay a person therein named, absolutely and unconditionally, a certain sum of money at a specified time," and are subject to the prescription of promissory notes. *Chastant vs. Strong*, 22 A. 410; *Bank of Louisiana vs. Williams*, 21 A. 121. That the *fi. fa.* issued under a twelve-months' bond is controlled by laws governing executory proceedings, and a seizure under it interrupts the period of prescription acquired at that date, and keeps same continuously interrupted during its hold on the property seized. That this is analogous to a pledge. C. C. 3578; 20 A. 192; Walker vs. Lee, 22 A. 152; 23 A. 215; 21 A. 155, 32.

Seventh—That the institution of injunction suits against the execution of the *fi. fa.*, enforcing the twelve-months' bonds, has the effect to continually suspend prescription on the bonds. Scarborough vs. McCall, 4 A. 322.

Eighth—That the note of Marco Givanovitch against F. E. Cloutier and J. B. Cloutier, Sr., *in solido*, was not prescribed at the date of the syndic's sale, in January, 1872. Plaintiffs allege it was at that date, in order to destroy that sale which produce these bonds. Defendants claim that the acknowledgment of the debt by F. E. Cloutier, on the 8th of July, 1865, interrupted prescription, and that the contemporaneous acceptance of the debt suspended prescription afterwards; and during the time the heirs of deceased permitted the property to remain in the hands of the trustee. C. C. 3552; 22 A. 107, Police Jury vs. Daralde; 22 A. 117; 21 A, 128; 23 A. 294, Citizens' Bank vs. Amans; 23 A. 199, Blanc vs. Hertzog; 23 A. 447, Baklam vs. Henderson; 30, A. 673, Sewell vs. McVay; 30 A. 853, Renshaw vs. Stafford; 2 A. 925; 3 A. 531; 1 R. 556; 8 R. 145; 11 R. 183; 29 A. 495; 11 R. 348; 12 R. 155; 1 A. 365; 30 A. 858; Mariat vs. Guilbrau, 31 A. 713 ; Heirs of Porter vs. Hornsby, 32 A. 337.

The opinion of the Court was delivered by

FENNER, J. Plaintiffs, as heirs at law of J. B. Cloutier, Sr., deceased, joined by Ambrose Deblieux, principal obligor on the twelve-months' bonds hereafter named, are actors in this suit to restrain the seizure and sale of a plantation under a writ of *fi. fa.* issued on two twelve-months' bonds executed by Ambrose and Marzalie Deblieux in favor of

Cloutier et al. vs. Lemée, Provisional Syndic, et al.

A. H. Pierson, syndic of the creditors of the succession of J. B. Cloutier, Sr.

The heirs allege that they are owners of the property seized in virtue of their heirship; that the same was sold under order of court provoked by A. H. Pierson as syndic of the creditors of the succession of Cloutier, Sr., at the instance of pretended creditors of said succession; that, at the time when Pierson was elected syndic, and at the date of the order, and of the sale, there were no creditors of said succession; that the sale thereof was consequently unnecessary and illegal; that they had not authorized the existing provisional syndic to issue execution on the twelve-months' bonds, and deny his authority so to do. They cite the provisional syndic, the sheriff, and the persons claiming to be creditors, averring that their claims had all been extinguished by prescription prior to the qualification of Pierson, as syndic, and prior to the sale under which the twelve-months' bonds were executed. They pray for an injunction, and for judgment perpetuating the same, declaring the claims of the defendant creditors to be prescribed, annulling the sale of the property and the twelve-months' bonds; and ordering the property to be returned to the succession, and recognized as the property of the heirs.

Ambrose Deblieux also pleaded the prescription of five years against the twelve-months' bonds.

Upon proper issues joined, there was judgment in favor of the provisional syndic and of one of the creditors, Marco Givanovitch, and against the plaintiffs, rejecting their demand and dissolving the injunction, and reserving the rights of the other creditors and of the heirs to urge and contest their claims on the tableau when filed.

From this judgment, plaintiffs have appealed.

The questions presented are three, viz:

1st. The power and authority of the provisional syndic to issue execution on the bonds.

His duties in administration are the same as those prescribed for syndic of insolvent estates.

C. C. 1225.

These duties include that of demanding and receiving all claims which may become due during his administration. R. S. Sec. 1793. As matter of course, he must take necessary steps to preserve the property confided to his care, under penalty of responsibility on his bond. Had he abstained from taking legal proceedings on these bonds, and suffered them to become prescribed, he and his sureties would be bound.

Inquiries touching the legality of his appointment are irrelevant.

While actually exercising the office he must perform its duties, and the illegality of his appointment will not vitiate such acts.

Estate of Altemus, 32 An. 364.

Succession of Dugas, 30 An. 268; 21 An. 543; 10 An. 670; 5 An. 156, 161.

The claim by the heirs of the right to control and direct his action, as being the only parties interested, necessarily depends upon the solution of the succeeding questions.

2nd. Has the succession creditors, or were their claims extinguished by prescription prior to the sale of the property?

In the present proceeding this controversy is confined to the claim of Givanovitch, in whose favor the judgment appealed from was rendered.

His claim is on a solidary note of the decedents, J. B. Cloutier, Sr., and F. E. Cloutier, due March 1st, 1861.

Cloutier died, his succession was opened, and J. B. Cloutier, Jr., was duly appointed and qualified as administrator.

On July 8th, 1865, F. E. Cloutier, the surviving obligor, endorsed on the note and signed a formal acknowledgment of the debt and promise to pay it.

On same day, J. B. Cloutier, the administrator, acknowledged the note in writing, to be paid in course of administration.

The effect of these acknowledgments was twofold, viz: (1st), to interrupt prescription as to both the solidary debtors; (2d), to suspend prescription, *quoad* the succession of Cloutier, during the entire pendency of the administration.

The last doctrine is firmly established by the decision in Renshaw vs. Stafford, 30 An. 853, followed and affirmed in Maraist vs. Guilbeau, 31 An. 713, and Heirs vs. Hornsby, 32 An. 337.

The correctness of these decisions is vehemently assailed by counsel of plaintiffs, and earnest appeal is made to us to overrule them. In deference to their demands, we have carefully examined the principles and reasoning on which they rest, and have considered the contrary arguments of counsel. Our conclusion is, that the decisions are thoroughly sound and correct; and if the question were *res nova*, we should decide it in the same sense.

Even if we felt doubt as to its technical correctness, which we do not, it could not be said to be "so unfounded in law, or so unreasonable in its deductions, or so mischievous in its consequences," as to justify us in departing from the wholesome principle of *stare decisis* and unsettling rights which may have been adjusted under its control as a precedent.

Cooley, Const. Lim., p. 52.

The administration of the succession of Cloutier continues to the present day, and no account has ever been filed, so far as the record shows.

We do not think the suspension of prescription is affected by changes in the persons administering, nor by lapses of active administration resulting from the death of officers and the necessary delays in filling vacancies. The administration is vested in the court through its officers, and is continuous, and does not lapse by death or change of officers.

It is, therefore, clear that Givanovitch was and is a creditor, whose debt is not prescribed; and this is sufficient to maintain the sale, and to support the proceeding on the bonds.

3d. Are the bonds prescribed?

They are subject only to the prescription of five years.

Chastant vs. Strong, 22 An. 410.

Bank vs. Williams, 21 An. 121.

They became due, respectively, on January 6th, 1873, and January 6th, 1874. A writ of *fi. fa.* was issued upon them, as authorized by law, on September 24, 1877, and notice of seizure thereunder was served personally on Ambrose and Marzalie Deblieux, on the 25th of the same month. The sheriff seized the property, advertized the same for sale, and was proceeding in due course to execute the writ when arrested by injunction in the present suit. This seizure, in accordance with law, under the mandate of the court, and the notice thereof, were made within the prescriptive term, and operated an interruption thereof.

The case cannot be distinguished from like proceedings under executory process, as to which it is now settled that the seizure and notice interrupt prescription.

Hebert vs. Chastant, 22 An. 152.

Walker vs. Lee, 20 An. 192.

4 An. 322; 21 An. 155, 32; 23 An. 215, 427.

Such seizure and notice under *fi. fa.* is the mode of judicial enforcement of twelve-months' bonds provided by law, which does not contemplate the necessity of ordinary suit thereon. The bonds are not prescribed.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed at appellants' costs in both courts.

Mr. Justice Levy is recused, having been of counsel.