# Butler v. Gazzam.

*Bill in Equity to Foreclose a Mortgage, and Annul a Cancellation.*

1. *Coveyance to trustee for wife and children, with power to sell and re-invest, does not authorize mortgage.*—A conveyance of lands by the husband to a trustee for the separate use and benefit of the grantor's wife for her life, remainder to his heirs, directing that the same be kept free from encumbrance, and authorizing the trustee, on the written request of the wife, to sell and re-invest, does not authorize him, on such written request, to execute a mortgage thereon to secure borrowed money; but a mortgage on such property, signed by the trustee and the wife, does convey the life estate of the wife.

2. *Authority of executor or administrator over personal assets; estoppel.*—An executor or administrator has the full legal title to all the *choses in action* belonging to the estate, and may, in the absence of fraud, or collusion release, compound or discharge them, as if he was the absolute owner; and though this principle may not authorize him to release and surrender a mortgage security in exchange for an inferior security, he himself would be estopped, as against the debtor, from impeaching the validity of such release.

3. *Misjoinder of complainants.*—Where two or more complainants unite in one bill, if one of them shows no right to recover, the others cannot.

APPEAL from Chancery Court of Mobile county.

Heard before the Hon. JOHN A. FOSTER.

This was a suit in equity to foreclose a mortgage, brought

[Butler v. Gazzam.]

by Kenny L. Butler and Pierce O. Butler, administrators, &c., of Joseph C. Butler. Charles W. Gazzam, Sr., owing Joseph C. Butler seven thousand five hundred dollars, evidenced by a promissory note, executed to him as security a mortgage on certain real estate. This real estate had been previously conveyed by Charles W. Gazzam, Sr., to Charles W. Gazzam, Jr., in trust for Clementina Gazzam, wife of Gazzam, Sr., during her life, with remainder in fee to the heirs of Gazzam, Sr. The trust provided that the property was to be kept free from incumbrance; and if sold, as it might be on the written request of Clementina Gazzam, the proceeds were to be re-invested for the purposes of the trust. The trustee and *cestui que trust* joined with said Charles W. Gazzam, Sr., in the mortgage to Butler. Butler died in 1873. In 1880, Pierce O. Butler, one of the complaining administrators, surrendered to Gazzam his note and mortgage, which was thereupon canceled of record, and accepted in lieu thereof, ten promissory notes of five hundred dollars each, signed by said Gazzam as principal and Wm. P. Gazzam as security. The new notes were not paid at maturity, and Gazzam has since died. This action was brought against Clementina Gazzam, and the heirs of Gazzam, Sr. The bill prayed that the cancellation of the mortgage be annulled and erased, that an account be taken of the amount due on the mortgage, and that the property be sold. A demurrer to the bill was sustained, and complainants appealed.

F. G. BROMBERG, for appellants.

PILLANS, TORREY & HANAW, and OVERALL & BESTOR, *contra*.

SOMERVILLE, J.—The Chancellor, in our judgment, correctly decided that the mortgage executed to Joseph C. Butler on June 1, 1868, by Mrs. Gazzam and her husband, in which her trustee, C. W. Gazzam, Jr., united, conveyed to the mortgagee no greater interest than the life-estate of Mrs. Gazzam in the mortgaged lands. It is very clear that the deed of the husband, Charles W. Gazzam, Sr., under which the wife held title, and bearing date in August, 1867, created in her an equitable separate estate, and one only during her natural life, with remainder to the heirs at law of the grantor. The trustee, under the express terms of the trust, had no power to sell or convey the lands except upon the written request of the wife, and even this only for the purpose of re-investment of the proceeds of sale. We need not decide whether, in case *a sale* had been made, the

[Butler v. Gazzam ]

signature of the wife to the conveyance would be construed as a written request to convey, or whether it would be construed simply to affect her interest in the lands. What we decide is, that, whether there was a written request or not the trustee had no power vested in him to *mortgage*, or encumber the land in the manner attempted, but only to sell for the purpose of re-investment. To accomplish this he must have sold for money or other valuable consideration, susceptible of being re-invested in other property, which was to be impressed with the same features of trust which characterized that originally conveyed. A power to sell for re-investment does not confer the authority to mortgage for a debt created by borrowing money, and that is this precise case. It necessarily follows that the mortgage conveyed only the life estate of Mrs. Gazzam, and in no manner affected the equities of the remaindermen.

˙ Our past decisions sustain the rule that an executor or administrator has the full legal title to all *choses in action* due the estate of a decedent, and that he may, in the absence of fraud or collusion, release, compound, or discharge them as fully as if he were the absolute owner, being answerable only for any improvidence in the exercise of the power. *Waring v. Lewis*, 53 Ala. 615 ; *Wcolfolk v. Sullivan*, 23 Ala. 548 ; *Miller v. Irby's Adm'r.*, 63 Ala. 477. And he may fully protect himself from liability by obtaining authority from the probate court to make a compromise of any bad or doubtful claim.—Code, 1876, § 2505. Whether this rule would authorize a personal representative to release and surrender the security afforded by a mortgage on realty, and to take instead of it personal security which was at the time insufficient, may be doubted. Be this as it may, any administrator or executor who has undertaken to make such a release and surrender in consideration of an inferior security, cannot, in our opinion, be heard afterwards to impeach the transaction. He is in this respect as much bound by the law of estoppel as if he acted in his individual capacity. Having induced the debtor to act upon the idea that the release is valid, he is not permitted to gainsay its validity to the prejudice of the party placing confidence in his assertion.—*Bragg v. Massie*, 38 Ala. 89 ; *Fambro v. Gannt*, 12 Ala. 298.

This principle would preclude Pierce O. Butler, one of the complainants who made the release, from recovery, and his failure to recover likewise debars his co-complainant, as all of the complainants must be entitled to recover, or none can.

[Flournoy v. Harper.]

The demurrer to the bill was properly sustained, and the decree is affirmed.