# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ALABAMA,

DURING THE

# NOVEMBER TERM, 1900,

---

# Bromberg *v.* Sands, Admr.

*Action for Money had and received.*

1. *Action by administrator of residuary legatee; when maintained.*
In a will which was duly probated, a testator, after making
certain specific bequests and devises, bequeathed and devised
the residue of his estate to two nephews. Constituting a part
of the residuary estate was a claim for a bond for one thou-
sand dollars, which had been stolen from the testator a short
time before he made his will. This claim was not inventoried
as a part of the testator's estate, nor in anywise taken account
of by his executor in the administration of said estate. After
the executor had made final distribution to the residuary
legatees, had fully settled his executorship, had his accounts
audited and passed upon by the probate court, and a decree
therein entered discharging and acquitting him as executor,
one of the residuary legatees, who was a non-resident of this
State, died. After the death of said residuary legatee, the at-
torney, who represented the executor of the testator through-
out the administration of the estate, as his attorney, collected
several hundred dollars on the claim in respect of the bond
which was stolen from the testator, as stated above. Sev-
eral years thereafter he paid to the living residuary legatee
his one-half interest in the sum so collected, but refused to
pay to the administrator of the estate of the deceased resi-
duary legatee the remaining one-half of the money so col-

lected by him. *Held*: That the administrator of the deceased
residuary legatee can maintain an action for money had and
received against the attorney who had collected said money,
for the interest in the amount collected on the stolen bond
belonging to the intestate residuary legatee.

2. *Appointment of administrator; collateral attack.*—Where a pe-
tition for letters of administration avers among other things
that property belonging to the estate of the intestate was
held by a party in the county where the letters of adminis-
tration were sought to be taken out, and that said property
came into the hands of such person after the death of
the intestate, such petition shows property of the estate in
the county in which the letters are sought to be issued, and
the appointment of an administrator upon such petition is
not void on its face, and can not be attacked collaterally.

3. *Statute of limitations; action against attorney.*—In an action
against an attorney who collected money which belonged to
the estate of a non-resident, where it is shown that demand
was made upon the defendant for the money sued for, season-
ably after it became known to those entitled thereto that he
had such money, that they were not at fault in failing to ac-
quire knowledge of the fact earlier, and that the suit was
brought as soon as practicable thereafter, which was more
than seven years after the money was collected, the plea of
the statute of limitations can not be sustained.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This was an action for money had and received,
brought by the appellee, R. M. Sands, as administrator
of the estate of John Nardin, deceased, against the ap-
pellant. Frederick G. Bromberg. The facts of the case
are sufficiently stated in the opinion.

Upon the hearing of all the evidence, the court at the
request of the plaintiff gave the general affirmative
charge in his behalf. To the giving of this charge the
defendant duly excepted, and also excepted to the court's
refusal to give the general affirmative charge requested
by him.

There were verdict and judgment for the plaintiff.
The defendant appeals, and assigns as error the sev-
eral rulings of the trial court to which exceptions were
reserved.

CHARLES L. BROMBERG, JR., for appellant.—The appellant received the money he admits receiving as the attorney at law of Henry C. Lesquereux, as executor of Lucien Nardin's will.   It came into his hands as such attorney after appellee's intestate's death, and nothing has transpired since his reception of said money changing its legal status in his hands except the death of Lesquereux.   But the death of Lesquereux did not make the money in appellant's hands, collected for Lesquereux as executor, property of the decedent.   It became the property of Lesquereux's executor, if Lesquereux left a will, or of Lucien Nardin's administration *de bonis non,* if Lesquereux left no will.—Code, 1896, §§ 111, 54; 1 Williams Executors (Perkins' ed.), 254; (6th ed.), 293; *Grimes v. Penn. R. R. Co.,* 42 Atl. Rtp. 305; *Beasley v. Howell,* 117 Ala. 507, 508.

Under no circumstances was the appellant accountable directly in a court of law to the appellee.—Code, 1896, § 344; *Upchurch v. Norsworthy,* 12 Ala. 532; *Gardenr v. Gantt,* 19 Ala. 666; *Bonner v. Young,* 66 Ala. 35; *Walker's Case,* 111 Ala. 29.   The claim, if any existed, for the stolen bond and coupons never was assigned to appellee's intestate, so that the appellee could sue upon the claim in court of law.   Code, 1896, §§ 237, 238.   Code, 1896, § 344, estops the appellee now.

The appointment of the plaintiff as administrator of, John L. Nardin was absolutely void.   Where the decedent is a non-resident and dies in a foreign State, jurisdiction depends entirely upon the fact that there is property of the decedent in the county at the time of his death, or property of the decedent is brought into the county subsequently to his death.—*Treadwell v. Rainey,* 9 Ala. 593; *Barclift v. Treece,* 77 Ala. 531; *Equitable Life Ins. Co. v. Vogel,* 76 Ala. 446.   But this is a *statutory jurisdiction,* and in such case the grant of letters may be collaterally assailed for want of statutory requirements.—*Miller v. Jones,* 26 Ala. 247; *Gray v. Cruise,* 36 Ala. 562; *Watson v. Collins,* 37 Ala. 587; *Burnett v. NeSmith,* 62 Ala. 261; *Hatchett v. Billingslea,* 65 Ala. 29; *Barclift v. Treece,* 77 Ala. 528.

JOHN R. TOMPKINS, *contra.*—"Letters of administration are conclusive and extend to all the property of the deceased in the State."—Code, § 77. This is on its face shown to be an action against an attorney at law for money collected by him and not paid over. No such action can commence until demand, and demand in this case was not and could not have been made until the fact of the collection came to the knowledge of the party in interest.—*Renfro v. Waller,* 21 Ala. 378.

McCLELLAN, C. J.—Lucien Nardin by his last will executed February 8, 1888, after making certain specific bequests and devises to others, devised and bequeathed all the residue of his estate to his nephews, Tell and John Nardin. Constituting a part of his residuary estate was a claim for bond 199 for $1,000 issued by the county of Mobile for river and harbor improvement, and coupons thereto attached which had been stolen from him a short time before he made his will. He nominated and constituted Henry C. Lesquereux the executor of his will. Lucien having died a few days after the execution of this will, it was duly probated in the probate court of Mobile, the county of testator's residence and death, on March 31, 1888, and said Lesquereux was then appointed and qualified as executor. The estate's claim to said bond was not inventoried nor in anywise taken account of by Lesquereux in his administration, and prior to June 22, 1891, he fully settled his executorship, made final distribution to Tell and John Nardin as residuary legatees, had his accounts audited and passed by the probate court, and a decree therein entered discharging and acquitting him in all respects as executor. After this, on the date last stated, John Nardin, a resident of New York, departed this life. The defendant, Bromberg, represented the executor throughout the administration of the estate as his attorney, and acting after the final settlement thereof as attorney for or in behalf of the estate, or Lesquereux as its executor, he collected in July, 1891, between four and five hundred dollars on said claim in respect of the Mobile county bond No. 199. The estate

having been fully settled without taking any account of
this claim and the executor having been discharged, he
recognized that this money belonged to Tell Nardin and
to the estate of John Nardin under the residuary clause
of the will, and some years afterwards he paid Tell Nar-
din his half of it and stated under oath that he owed
and was ready to pay the other half "to whoever was
the legal representative of John Nardin, deceased."
Lesquereux survived until August 12, 1892, more than
a year after defendant collected this money, but it does
not appear that he was ever informed of its collection.
The probate court of Mobile county appointed R. M.
Sands administrator of the estate of John Nardin, de-
ceased, in September, 1898, and Sands as such admin-
istrator brings this suit to recover his intestate's share
of said fund from said Bromberg.

This would seem to be a plain and simple enough case
for the plaintiff: the trial court so regarded it and gave
him the affirmative charge; but defendant insists that
the court below erred in that instruction and also in
ninety-odd other particulars on the trial. We do not
deem it necessary nor do we propose to enter upon any
detailed discussion of these very numerous assignments
of error. Many of them were reserved to rulings upon
the pleadings; and of them it will suffice to say that
none of them were prejudicial to the defendant, since on
the pleadings as finally made up and settled he had the
opportunity to fully develop and present every defense
he wished to bring forward. Three lines of defense
were attempted by the defendant, and upon each the
the pleadings admitted of and the court allowed him to
fully present his case. These lines were: *First*, that the
fund in his hands did not belong to the estate of John
Nardin, deceased; *second*, that plaintiff was not the
administrator of the estate of John Nardin; and, *third*,
the statute of limitations.

The action is for money had and received to the use
of plaintiff. It is an equitable action, and is to be tried
upon principles of equity. If defendant has money
which in equity and good conscience belongs to the es-
tate of John Nardin, deceased, the plaintiff, as John
Nardin's personal representative, is entitled to recover

it. That the money sued for was received by the defendant as part of the residuary estate of Julien Nardin is not controverted. That all of such residuary estate of Julien Nardin was bequeathed to Tell and John Nardin is not denied. That Tell has received his part of this fund is admitted. Defendant himself admits that the other part of it will *ultimately* go to the estate of John Nardin. Why *ultimately* and not *now?* Lucien Nardin's estate has been fully settled so far as the assets which came into the executor's hands are concerned, and the executor has been discharged. He has since died himself and his estate has been settled; but if he were living, he would no longer be the executor. And he would not be entitled to this money individually for he was not charged with it on the settlement. This is money belonging to Julien Nardin's estate which has been *found,* so to speak, after his estate has been settled and his executor's office has ceased. There are no debts or specific legacies to be paid out of it. If there were an administrator *de bonis non* of Julien Nardin's estate, or if there were an executor, all he could do with this money would be to take it from Bromberg and hand it to the legal representative of John Nardin. There being no personal representative of Julien Nardin's estate now in existence, and the estate of John Nardin, deceased, being entitled to this fund, this equitable action affords a remedy quite ample and competent to put the fund where it immediately belongs without the circumlocution, delay and expense of another administration of Julien Nardin's estate to *ultimately* place the funds in the proper hands. There is no merit in the first attempted defense.

As to the defense that plaintiff is not the administrator of John Nardin's estate: The petition for letters of administration avers among other things that property belonging to said estate came into the hands of an attorney in Mobile after the death of John Nardin. This shows property of the estate in the county in which the letters were issued. The appointment of plaintiff as administrator is, therefore, not void on its face, and it can not be attacked collaterally as was attempted in this case.—*Winter v. London,* 99 Ala. 263.

[McQueen v. Whetstone, Admr. *et al.*]

It is clear beyond dispute on the evidence in this case that demand was made on Bromberg for this money seasonably after it became known to those entitled to it that he had it, that they were not at fault in failing to come to earlier knowledge of the fact, and that this suit was brought as soon as practicable thereafter, clearly before the lapse of any period of limitation. On this state of case the plea of the statute of limitations fails.—*Kimbro v. Waller*, 21 Ala. 376. Moreover, the defendant has on the hearing of a motion in this case admitted on oath that he owes this money to the legal representative of John Nardin and declared his readiness to pay it.

The judgment of the circuit court will be affirmed.

Affirmed.