COTTINGHAM, trustee, *v.* EQUITABLE BUILDING AND LOAN ASSOCIATION, and *vice versa.*

1. It is, in the trial of an action brought against one of its members by a corporation whose name and the allegations of whose petition indicate that it is a building and loan association "pure and simple," proper to regard it as an organization of this kind, when nothing to the contrary appears.
2. The issuing and sale by such an association of "fully-paid stock" to the holders of which fixed dividends payable semi-annually are guaranteed, they hav-

ing no further interest in profits, is a "mere borrowing of money by the association," and the same does not contravene the principle of mutuality pertaining to the proper transaction of the business of the association upon the building and loan plan.

3. The verdict in such an action may lawfully embrace "fines" for which the defendant was under his contract liable, though the same accrued after he had ceased to make payments in accordance with the terms of that contract.

4. A corporation purporting to be a building and loan association proper should not be regarded as one not of this character merely because, under its by-laws, one who applies for membership solely for the purpose of obtaining a loan is, upon the rejection of his application therefor, entitled to have returned to him all fees and charges which he had paid in advance.

5. A trustee with unrestricted power to sell or mortgage the property of the trust estate may in his representative capacity become a member of a building and loan association, and after so doing may, in order to obtain an advance to himself as trustee for the benefit of the estate, execute promissory notes, security deeds, or other contracts necessary to effectuate the desired purpose, and the trust estate will be bound thereby.

Argued February 15, — Decided March 12, 1902.

Complaint.   Before Judge Reid.   City court of Atlanta.   June 11, 1901.

*Dorsey, Brewster & Howell* and *Hugh M. Dorsey*, for Cottingham. *Green & McKinney*, contra.

LUMPKIN, P. J.   An action was brought by the Equitable Building and Loan Association against J. D. Cottingham, as trustee for J. D. Cottingham Jr.   A trial was had, and at the conclusion of the evidence a verdict was directed for the plaintiff.   The defendant sued out a bill of exceptions and brought the case here for review.   After a careful examination of the record, we are satisfied that every question presented for determination has been thoroughly settled adversely to the contentions of the plaintiff in error.

1. While the charter of the plaintiff was not introduced in evidence, its corporate name and the cause of action set forth in its petition are plainly such as to indicate that it was a building and loan association "pure and simple."   This being so, and there being nothing, either in the petition of the plaintiff or elsewhere in the record, showing to the contrary, the trial judge was right in treating the plaintiff as an organization of the kind designated.   *Morgan* v. *Interstate Assn.*, 108 *Ga.* 185.

2. It was urged that the plaintiff was not such a building and loan association, because it appeared that it issued what is known as fully-paid stock, and issued certificates therefor guaranteeing to

the holders of the same fixed dividends payable semi-annually, they, however, having no further interest in the profits of the concern. This contention is fully met by the decision of this court in the case of *Cook* v. *Equitable Assn.*, 104 *Ga.* 814. It was there distinctly held that the issuing of such stock and receiving the price paid for the same was a mere "borrowing of money by the association," and that so doing did not contravene the principle of mutuality which gave it the right to transact business upon the building and loan plan.

3. Complaint is made that the verdict directed covered fines, and was for that reason contrary to law. The objection is thus stated in the brief of counsel for the plaintiff in error: "After the borrower had quit paying and abandoned the contract, he ceased to be a member, and the association had no right to impose any further penalty in the way of fines." In *Butler* v. *Mutual Aid Co.*, 94 *Ga.* 563, it was ruled that "the plaintiff could recover all installments which matured up to the time of trial, although some of them had not become due when the action was brought, the same being embraced in the pleadings and the prayer for judgment." No opinion was filed in that case, but by reference to page 570 it will be seen that "Plaintiff was allowed to prove the amount of installments, premiums, and fines which accrued since the commencement of the action, with the view of recovering the same, over objection that they were not due when the action was begun and could not be recovered in this case." The plaintiff's pleadings in the case now before us are broad enough to cover the recovery of fines embraced in the verdict.

4. The point was also made that the plaintiff's system of conducting business was but a scheme to evade the usury laws, because, as contended in counsel's brief, above referred to, "no one could borrow without becoming a member, and if his application for loan was not accepted, he was not a member and all fees and charges were returned." We are unable to see any force in this position. As we understand it, loans and advances by building and loan associations proper are, as a general rule, made exclusively to their own members. We are therefore at a loss to perceive how a transaction with a given member can be regarded as usurious merely because of a provision in the by-laws of the association that if one with a view to obtaining an advance makes an unsuccessful application

therefor, any fee or charge paid by him in advance is to be returned "A person may legitimately become a member for the mere purpose, and at the time, of obtaining a loan." Endlich on Building Assns. (2d ed.) § 55. It can not injuriously affect one who does become a member and obtains an advance, that another, seeking to do the same thing, failed of his purpose and was allowed to go in peace and without cost.

5. One other point remains to be noticed. It was that Cottingham, as trustee, had no authority to bind the trust estate represented by him by such contracts as those into which he entered with the building and loan association. It appears from the evidence that Cottingham, as trustee, held the realty which he conveyed to the association as security for the advance made to him under deeds conferring upon him in his capacity as trustee "power to sell or mortgage without order of court." The trustee, therefore, had an unrestricted power either to sell or mortgage. Clearly his power authorized him to pledge the realty as security for a debt contracted for the benefit of the trust estate. The only way in which he could obtain an advance from the building and loan association was by becoming a member and making to it a security deed. It was, in *Bailie* v. *Carolina Assn.*, 100 *Ga.* 20, held that a trustee with a similar power might, as a means of raising money for the benefit of the trust estate, subscribe to the capital stock of a building and loan association, execute promissory notes, and secure the same by deeds to the trust property, and that the same was bound for the indebtedness thus created. This case seems to be directly in point, and conclusive of the question under discussion. Counsel for plaintiff in error relied upon the case of *McMillan* v. *Cox*, 109 *Ga.* 424. The decision in that case was rendered upon the theory that though the power of sale was in many respects broad, yet, as it was given solely with a view to a reinvestment of the proceeds of a sale, it did not authorize a sale having as its object merely the securing of a debt for borrowed money.

The foregoing deals with all the points made in the bill of exceptions and insisted on in the brief filed by counsel for the plaintiff in error. As none of the same are meritorious, an affirmance of the judgment below results.

*Judgment on the main bill of exceptions affirmed; cross-bill dismissed. All the Justices concurring, except Little, J., absent.*