# Carr v. Illinois Central R. R. Co.

## Bill to Set Aside Judgment.

(Decided November 21, 1912.   Rehearing denied December 17, 1912.
60 South. 277.)

1. *Executors and Administrators; Appointment; Jurisdiction.*— The probate court is a court of general jurisdiction in the matter of the granting of letters of administration, and has the right to determine its jurisdiction in any case where its authority to issue such letters is invoked.

2. *Same; Effect of Appointment; Collateral Attack.*—Under section 2530, Code 1907, the party sued by one having letters of administration from a court of competent jurisdiction cannot defeat the suit on the grounds that his appointment is voidable for fraud.

3. *Same; Title to Personal Property; Choses in Action.*—An administrator has the full legal title to all choses in action due the estate of his decedent, and may release, compromise or discharge them as fully as if he was the absolute owner, in the absence of fraud or collusion.

4. *Same; Compromise; Validity.*—A mere executory agreement of compromise made by a defendant in a suit by a fraudulent administrator is not enforceable against the rightful successor of such administrator.

5. *Same; Appointment; Addition.*—There cannot be within the same jurisdiction two valid administrators on the same estate existing at the same time, and one or the other must be void.

6. *Judgment; Equitable Relief Against; Fraud.*—The evidence examined and held not to show bad faith on the part of defendant in consenting to a judgment in favor of a previous administrator for a claim for damages for personal injuries.

7. *Same; Setting Aside.*—The evidence examined and held to authorize the setting aside of a consent judgment in favor of a previous administrator as an obstacle to the duly appointed administrator's action against the railroad for damages.

8. *Same; Conclusiveness; Res Judicata.*—The decision of the court on a matter contested between the parties is res judicata, and where a judgment is rendered by consent, or is the result of a compromise between the parties, it cannot be admitted as res judicata, since the court exercises no judicial functions, and does not judicially ascertain either the law or the facts of the case.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by E. Carr, as administrator of the estate of David Dodd, deceased, to set aside a consent judgment rendered in favor of a former administrator against the Illinois Central Railroad Company for damages for the death of his deceased. From a decree for respondent complainant appeals. Reversed and rendered.

DENSON & DENSON, for appellant. Having issued letters the probate court of Winston county acquired jurisdiction of the estate to the exclusion of every other court as to property within this state.—Sections 2519, 2530, Code 1907. Therefore the letters issued in Jefferson county were null and void.—*Coltart v. Allen,* 40 Ala. 155; *Nelson v. Boynton,* 54 Ala. 344; *Beasley v. Howell,* 117 Ala. 505. The revocation of the original letters and the appointment of the true administrator by the Winston Probate Court did not have the effect to give life to the void letters from the Jefferson Probate Court.—*Beasley v. Howell, supra.* The fact that the administrator was a non-resident did not disqualify him

from appointment in Alabama.—*Fulghum v. Fulghum,*
119 Ala. 405; *Carpagianni v. Hall,* 55 South. 250.

PERCY, BENNERS & BURR, BLUETT LEE and C. L. SIV-
LEY, for appellee.   In order for a judgment to be set
aside for fraud or irregularity the fraud must have been
practiced on or the irregularity must have been pre-
judicial to the opposite party to the suit.—9 Wisc. 165;
69 Ind. 577.   Defendant in the suit brought against it
by J. W. Dodd, administrator, could not have defended
that suit on the ground that such administrator had
been improperly appointed.—*McGhee vs. Willis,* 134
Ala. 28; *Reiter-Connolly Mfg. Co. v. Hamlin, admr.,*
114 Ala. 192-219; *Kling v. Connell,* 105 Ala. 591-595.
Both the letters of administration to J. W. Dodd and
the petition under which they were granted were regu-
lar on their face; these letters were conclusive evidence
of Dodd's authority until their revocation.—Code, 2530;
Constitution, 149; Code, 2519-1; *Coltart v. Allen,* 40
Ala. 155; *Winter v. London,* 99 Ala. 263-266; *Barclift
v. Treece,* 77 Ala. 528-531; *Broughton v. Bradley,* 34
Ala. 694; *Johnson v. Kyser,* 127 Ala. 309.   If for any
reason the letters granted to J. W. Dodd in Winston
county were void then the letters granted to Johnson
and Bonner in Jefferson county were valid and the pro-
bate court of Winston county had no power to attempt
to appoint E. Carr administrator in Winston county,
the probate court of Jefferson county having previously
acquired jurisdiction.—*Beasley v. Howell, admr.,* 117
Ala. 499; *McDonnell v. Farrow,* 132 Ala. 227; *Mc-
Dowell v. Jones,* 58 Ala. 25-35.   Acts done by an ad-
ministrator whose letters are subsequently revoked, if
the letters be not void, are binding.—*Floyd v. Clayton,*
67 Ala. 265; 18 Cyc. 141; XI A. & E. Ency. Law, 827.

SAYRE, J.—This bill was filed by appellant as administrator of the estate of David Dodd, deceased, seeking to set aside a judgment rendered in favor of a preceding administrator of the same estate in a suit which the former administrator had brought against defendant for the recovery of damages for the alleged wrongful death of complainant's intestate. The ultimate purpose of the bill is to remove the obstacle of the former judgment of recovery which stands in the way of any suit the present administrator may bring for the recovery of damages on account of his intestate's death. Appellant's case is this: Appellant's intestate having been accidentally killed while in the employment of the appellee, under circumstances which left to his personal representative a litigable case against appellee for substantial damages, within 30 days thereafter some person calling himself J. W. Dodd, and falsely and fraudulently alleging himself to be decedent's next of kin, and so entitled to share in the distribution of decedent's estate, procured letters of administration from the probate court of Winston county. Decedent left no considerable estate save only the claim for damages. The averment of Dodd's petition for letters was that decedent "died seized and possessed of real and personal estate in this state, consisting chiefly of a claim against the Illinois Central Railway Company, all of said real and personal estate being estimated to be worth about $50, and probably not more." Decedent had no such relative as J. W. Dodd, nor does any one now appear to know who or where he is. It is clear that the sole purpose of the letters issued to J. W. Dodd, so called, was to enable him to control for his own purposes the claim for damages and any suit that might be brought for its enforcement. His performance cannot be explained on any other hypothesis. These letters were

dated January 3, 1910. On June 7th of the same year they were revoked by the court from which they had issued. Meanwhile the fraudulent administrator had brought suit in the city court of Birmingham, and the case came on for trial on April 12, 1910, at which time the parties, through their attorneys, agreed that plaintiff should have a judgment for $100, and so announced to the court. But, for some reason—probably the inadvertence of the judge—no entry of judgment was made upon the docket or minutes of the court until April 18th, six days later. Upon the last-named date judgment was entered by the court as of April 12th upon the suggestion and request of counsel for the defendant, appellee here. Appellant's attorney thereupon made a motion to have the judgment set aside. This motion was successfully resisted by appellee. Neither Dodd nor his attorney took part in opposing the motion, his attorney deposing that he had become convinced that a fraud had been perpetrated upon him. In reaching the agreement the attorneys for both parties appear to have acted in good faith. Nor do we find evidence which would warrant the conclusion that there was bad faith on the part of other officers or agents of the defendant. It is true that later in January appellee's claim agent at Jackson, Tenn., was put upon notice by decedent's father, who lived in Mississippi, that he (the father) denied J. W. Dodd's right to maintain the suit, and desired that a settlement be had between him and the railroad company. True, also, the company's claim agent held out to the old man some indefinite promises of a settlement. But these facts, referred to by appellant as evidences of bad faith, hardly justify the inference drawn. They fall far short of proving appellee's complicity in the scheme by which fraudulent letters of administration were procured or in a conspiracy to

defraud those entitled to share in the distribution of what might have been the more ample fruits of a suit prosecuted in good faith to a just conclusion.

But while there are no sufficient grounds for holding that the agreement for a judgment was the product of collusion or any fraud upon the part of appellee, as the bill charges, we do not think that appellee's view of the case is to be justified on the theory, which evidently it thereafter adopted, to wit: That, having arrived by negotiation, legitimate so far as appellee was concerned, at an agreement for the compromise of a disputed claim with a person armed with the authority of duly authenticated letters of administration, its right to the execution of the agreement and to have it put into the form of a thing adjudicated was unaffected by the facts thereafter brought to its notice. The fact is that after the agreement had been reached, but before it had been put in the form of a judgment, or had been executed by the payment of the amount agreed upon, defendant was informed of the contention of decedent's relatives, and that measures would be adopted for the revocation of J. W. Dodd's letters. Appellee's subsequent activity to the end that the agreement might be put into the form of an adjudication was unaffected by any taint of intentional wrong in itself. It proceeded upon the mistaken idea, as we think, that one who honestly makes an executory agreement with a fraudulent trustee without notice of the trustee's fraud has the legal right to have that agreement executed as against the trust estate after he comes to a knowledge of the trustee's fraud. It was on this theory that appellee insisted upon having the consent judgment entered as of the date upon which the agreement was made, opposed the motion to set aside the judgment and then, after the fraudulent administrator had been removed, deposited the amount of the judgment with the clerk of the court.

It is established beyond dispute that the probate court is a court of general jurisdiction in the matter of granting letters of administration; that it has the right to determine its jurisdiction in any case where its authority to issue letters of administration is invoked, and, when it has so determined and has issued letters, such letters, until revoked by a competent tribunal on a direct proceeding to that end, are conclusive evidence of the authority of the person to whom they are issued to administer upon the estate of the decedent, and cannot be collaterally assailed.—*Breeding v. Breeding,* 128 Ala. 412, 30 South. 881; *Winter v. London,* 99 Ala. 263, 12 South. 438. Such is the provision of the statute. Code, § 2530. Appellee could not have defeated, therefore, the suit of J. W. Dodd as administrator on the ground that his appointment was voidable for fraud.—*Bromberg v. Sands,* 127 Ala. 411, 30 South. 510. An administrator has the full, legal title to all choses in action due the estate of the decedent, and he may, in the absence of fraud or collusion, release, compromise, or discharge them as fully as if he were the absolute owner, being answerable only for any improvidence in the exercise of the power.—*Butler v. Gazzam,* 81 Ala. 493, 1 South. 16; *Logan v. Central Iron & Coal Co.,* 139 Ala. 548, 36 South. 729. Appellee's skirts being clean, the due settlement of estates, the order and peace of society, would require that appellee should be accorded the benefit of the estoppel of any agreement of compromise negotiated and executed in good faith or of any judgment rendered and satisfied in an adversary proceeding with the fraudulent administrator. But it does not follow that after appellee became apprised of the administrator's fraud, which could have had only ulterior fraudulent ends in view, after it was put upon notice that a proceeding would be instituted for the

revocation of his letters, and after the administrator had virtually confessed his fraud, appellee could shut its eyes to the equities of such a situation, and insist upon a specific performance of the agreement. A due regard for the rights of the beneficiaries of the trust required that nothing be yielded to the fraudulent administrator, save at the end of the law's coercive processes. A mere executory agreement for compromise could avail the appellee nothing. That agreement could not be enforced against the fraudulent administrator's rightful successor in office.—*Lawrence Mfg. Co. v. Janesville Mills*, 138 U. S. 552, 11 Sup. Ct. 402, 34 L. Ed. 1005. Nor did the judgment amount to anything more than the agreement of the parties. Res adjudicata is the decision of the court upon a matter contested between the parties, and where a judgment is rendered by consent, or is the result of a compromise between the parties, it cannot be admitted as res adjudicata.— *Wadhams v. Gay*, 73 Ill. 415; *Gay v. Parpart*, 106 U. S. 679, 1 Sup Ct. 456, 27 L. Ed. 256. The judgment in this case was in point of fact the mere act of the parties. The court exercised no judicial function upon the subject. Neither the law nor the facts of the case were judicially ascertained. Such a judgment could only become final after it had been executed. Then only could it be regarded as final, and as an estoppel between the parties and their privies.—*Wadhams v. Gay*, and *Lawrence Mfg. Co. v. Janesville Mills, supra*. A recurrence to the facts stated above, with these principles in view, will demonstrate that while appellee had no part in the fraud of appellant's predecessor in the administration of decedent's estate, nor any knowledge of that fraud prior to the agreement for compromise, nor afterwards did more than to insist upon what it supposed to be its legal rights under the agreement and the judg-

[Carr v. Illinois Central R. R. Co.]

ment rendered in pursuance thereof, still appellee is not entitled to the benefit and protection of an estoppel by reason of the judgment of the city court rendered on the facts as they appear in the record. Under the law and the facts averred and proved, apart from the charge of actual fraud, appellant should have had relief.

Shortly after letters were granted to J. W. Dodd, so called, in Winston county, other letters of administration were issued out of the probate court of Jefferson county to M. J. Johnson and F. Bonner. These people made some sort of pretense that they were creditors of the decedent, but it is quite evident that they also desired an opportunity to assimilate benevolently any damages that had accrued to decedent's estate by reason of the manner of his death. "It is not now matter of controversy in this court that there cannot, within the same jurisdiction, be two valid grants of administration on the same estate, existing at the same time. One or the other must be void."—*McDowell v. Jones,* 58 Ala. 35. The letters to these persons were void (*Beasley v. Howell,* 117 Ala. 506, 22 South. 989), and have been so treated by appellant. They have been properly ignored. We have disposed of this case on its merits as they have appeared to us. The decree of the chancery court will be reversed, and a decree here rendered granting the relief prayed.

Reversed and rendered. All the Justices concur.