(98 South. 287)

## LYNN v. McDANIEL. (8 Div. 584.)

(Supreme Court of Alabama. Nov. 15, 1923.
Rehearing Denied Dec. 20, 1923.)

**1. Executors and administrators ⬳450—Proof of payment of note to executor by delivery of cotton, held properly received.**

In an action by an executor on a note for rent, proof by defendant that he paid the note by delivering to plaintiff certain cotton on which plaintiff had a lien for the rent, *held* properly received, in view of evidence of bona fides, as against objection that executor could not accept cotton as payment.

**2. Trial ⬳260(1)—Refusal of requested charge not error, where oral charge gave its substance.**

Refusal to give requested charge *held* not error, where its substance was substantially embraced in the oral charge.

Appeal from Circuit Court, Morgan County; Osceola Kyle, Judge.

Action on promissory note by J. W. Lynn, as executor of L. M. Lynn, deceased, against D. J. McDaniel. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

E. W. Godbey, of Decatur, for appellant.

The executor was without power and authority to take chattels in payment of a debt due his testator. Poston v. Jones, 122 N. C. 536, 29 S. E. 951; Means v. Harrison, 114 Ill. 248, 2 N. E. 64; Trammell v. Swan, 25 Tex. 474. Plaintiff was entitled to the affirmative charge.

Sample & Kilpatrick, of Hartsells, for appellee.

An administrator or executor can, on his own responsibility, compromise debts, accept property in payment of debts, etc., and it will be binding on the estate. Hughes v. Hatchett, 55 Ala. 539; 23 Cyc. 1196; Powell v. Knighton, 43 Ala. 626; Ivey v. Coleman, 42 Ala. 409; Anderson v. Wynne, 62 Ala. 329; Carr v. I. C. R. R., 180 Ala. 159, 60 South. 277, 43 L. R. A. (N. S.) 634; Butler v. Gazzam, 81 Ala. 493, 1 South. 16; Nance v. Gray, 143 Ala. 234, 38 South. 916, 5 Ann. Cas. 55.

GARDNER, J. Suit by the executor of the estate of L. M. Lynn, deceased, upon a note executed by the defendant to said L. M. Lynn, for rent of certain lands owned by said decedent. The defendant insisted he had paid the executor in full. Some of the payments were admitted, but the most important controverted fact related to the alleged payment to the executor of 1,453 pounds of seed cotton. This cotton was raised upon the land rented by defendant, but constituted a

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

part of the crop of one Blanks, defendant's son-in-law, who rented a portion of the premises from defendant.

Plaintiff insists that this cotton was turned over to him in his individual capacity, acting for his brother W. E. Lynn, to whom Blanks was indebted as evidenced by the mortgage, and to whom Blanks had sold the cotton to be applied on the mortgage debt. Defendant insists that he had a landlord's lien on this cotton for rent and advances due by Blanks, and that the latter had agreed this cotton should be taken by him and delivered to the executor as payments on defendant's rent note.

The issues of fact were submitted to the jury under full and explicit instructions of the oral charge of the court, and a verdict rendered for the defendant.

We have given careful consideration to the earnest insistence of counsel for appellant that a new trial should be granted, upon the ground the verdict was contrary to the great weight of the evidence. The rule by which this court is governed upon such questions is well understood and needs no repetition here. Suffice it to say, after a study of the record, we are not of the opinion the action of the court in overruling the motion should be here disturbed.

[1] Counsel for the appellant further insist that the plaintiff was entitled to the affirmative charge, upon the theory that, as executor, he had no authority to accept this cotton, and therefore the defendant is entitled to no credit therefor as a payment upon the note in question. Plaintiff as executor held a lien upon this cotton for rent. There was proof tending to show that the agreed price of the cotton at the time it was delivered to the plaintiff represented the true market price, and that the transaction was in entire good faith, and was received by the executor in the exercise of due prudence, in his representative capacity.

Whatever may be the holding elsewhere, under the authorities of this state, and in view of the circumstances here shown, the proof of payment offered by the defendant was properly received, and the affirmative charge correctly refused. Butler v. Gazzam, 81 Ala. 491, 1 South. 16; Carr v. Ill. Cent., 180 Ala. 159, 60 South. 277, 43 L. R. A. (N. S.) 634; Hughes v. Hatchett, 55 Ala. 539; 23 Corpus Juris, 1196, 1197. In Butler v. Gazzam, supra, it is pointed out that the executor has full legal title to all choses in action due the estate of a decedent, and that he may, in the absence of fraud or collusion, release, compound, or discharge them as fully as if he were absolute owner, being answerable only for any improvidence in the exercise of the power. Speaking to the question of estoppel in the matter of such release, the court further said:

"Any administrator or executor who has undertaken to make such a release and surrender in consideration of an inferior security, cannot, in our opinion, be heard afterwards to impeach the transaction. He is in this respect as much bound by the law of estoppel as if he acted in his individual capacity. Having induced the debtor to act upon the idea that the release is valid, he is not permitted to gainsay its validity to the prejudice of the party placing confidence in his assertion."

[2] Without consideration of any question as to defective form of presentation, the court is of the opinion the substance of refused charge 8 was substantially embraced within the oral charge of the court.

We find no error in the record, and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.