(120 So. 581)

No. 29035.

**DIMITRY et al. v. SHREVEPORT MUT. BLDG. ASS'N.**

Jan. 28, 1929.

M. D. Dimitry, of Shreveport, for appellants.

Crain, Jackson & Johnston and Blanchard, Goldstein & Walker, all of Shreveport, for appellee.

O'NIELL, C. J. M. D. Dimitry, for himself and as the agent of the heirs of Mrs. Florence A. Toombs, sued the Shreveport Mutual Building Association for $4,000 and interest, being the value of 20 shares of paid-up stock in the association, which stock was surrendered, and its value withdrawn in cash, by Mrs. Marion Beattie as executrix of the will of Mrs. Toombs. The payment was made to the executrix by the building association in good faith, on the advice of the association's attorneys, who relied upon the order of court confirming the appointment of the executrix and issuing letters of executorship to her. The will of Mrs. Toombs was afterwards attacked by her heirs, and was adjudged a forgery, and the executrix became functus officio. Hence this suit.

The building association defended on the ground, first, that the association had the right—and in fact was compelled—to recognize the authority of the executrix to represent the succession of Mrs. Toombs, and was legally obliged to pay the withdrawal value to the holder of paid-up stock, on demand and on surrender of such stock; and, second, that the fund thus paid by the association to the executrix was used by her for the payment of the debts of the succession of Mrs. Toombs, and that her heirs therefore had no right, without making restitution to the association for the debts so paid, to contend that the association had no right to pay the fund to the executrix. The plaintiffs' demand was rejected and their suit dismissed. They have appealed from the decision.

It is conceded by the appellants, as we understand, that the defendant would have been safe in paying the fund to the executrix, if it had been a fund on deposit, subject to withdrawal by Mrs. Toombs during her lifetime. It is well settled that a person dealing with an administrator or executor of a succession is protected by the order of court appointing or confirming the administrator or executor, even though the appointment or confirmation is afterward decreed void. Green v. Baptist Church, 27 La. Ann. 563; Succession of Dougart, 30 La. Ann. 268; Cloutier v. Lemée, 33 La. Ann. 305; Succession of Leh-

mann, 41 La. Ann. 987, 7 So. 33; Succession of Robertson, Jr., 49 La. Ann. 80, 21 So. 197, cited in Carr v. Illinois Central Railroad Co., 180 Ala. 159, 60 So. 277, 43 L. R. A. (N. S.) 634; Succession of Thomas, 114 La. 693, 38 So. 519; Zeigler, Administrator, v. Storey, 220 Pa. 471, 69 A. 894, 17 L. R. A. (N. S.) 878; Schluter v. Bowery Savings Bank, 117 N. Y. 125, 22 N. E. 572, 5 L. R. A. 541, 15 Am. St. Rep. 494.

The appellants' argument is that stock in a building association, like stock in any other corporation, does not represent a debt due by the corporation to the stockholder, but represents that much property, which, like any other property, can be disposed of by an executor or administrator only by a sale made under an order of the probate court. That may be true with regard to some kinds or classes of stock in a building association, but not as to the so-called paid-up stock, such as the 20 shares which Mrs. Toombs had. According to the undisputed evidence in this case, the buying of such stock in a building association is merely a deposit of a sum of money at a fixed rate of interest, the principal and interest being all subject to withdrawal at any time. It is virtually so declared by the statute on the subject. Section 3, paragraph (1), of Act 120 of 1902, as amended by Act 280 of 1916, p. 569, authorizes local building associations "to permit or force members to withdraw all or part of their stock"; section 5 declares that "all shares withdrawn, forfeited, retired or surrendered shall be canceled and become the property of the association"; and section 7, as amended by Act 280 of 1916, declares:

"That a member may withdraw his shares or credits thereon at any time by giving written notice of such intention and shall then be entitled to receive the amount paid in by him, and such proportion of the profits as the act of incorporation or by-laws may prescribe, less all fines, charges, expenses and losses ac-crued or contingent to the time of notice of withdrawal, as the board of directors may determine."

In the other states, also, paid-up stock in a building association represents a loan made by the member to the association, at a fixed low rate of interest, and subject to call in the manner provided in the charter or by-laws regulating the withdrawal of shares. Lindsay v. Arlington Co-operative Association, 186 Mass. 371, 71 N. E. 797; Cook v. Equitable Building & Loan Association, 104 Ga. 814, 30 S. E. 911; Cottingham v. Equitable Building & Loan Association, 114 Ga. 940, 41 S. E. 72; Campbell v. Perth Amboy Mutual Loan, Homestead & Building Association, 76 N. J. Eq. 347, 74 A. 144.

Having concluded that the executrix had the right to withdraw the paid-up stock belonging to the succession of Mrs. Toombs, and that the building association, in paying the amount to the executrix, was protected by the order of court appointing or confirming her, we find it unnecessary to consider the second or alternative defense of the association.

The judgment is affirmed.