## LEDLOW *vs.* BECTON.

[ACTION ON OPEN ACCOUNT FOR GOODS SOLD AND DELIVERED.]

1. *Promise held original, and not within statute of frauds.*—Where the defendant, a widow, before the grant of administration on the estate of her deceased husband, "verbally instructed or requested plaintiff or one of his clerks to let one S., a man in the employment of the estate, have out of plaintiff's store whatever articles he want-

Ledlow v. Becton.

ed, and that the estate would pay it,"—*held*, that the promise was an·original undertaking, not within the statute of frauds, and was binding on the defendant personally, on proof that the goods were furnished on the faith of it, although charged on plaintiff's books to the estate, and that the administrator refused to pay for them.

APPEAL from the Circuit Court of Tuskaloosa.
Tried before the Hon. JOHN E. MOORE.

THIS action was brought by Frederic L. Becton, against Mrs. Rebecca Ledlow, to recover the amount of an open account for goods, wares and merchandise, sold and delivered during the year 1857. The defendant pleaded the general issue, payment, set-off, and the statute of frauds; and issue was joined on all these pleas. On the trial, as the bill of exceptions states, the plaintiff read in evidence the account on which the suit was founded, and then introduced his clerk as a witness, who testified, "that the defendant, who was the widow of Lewis Ledlow, deceased, shortly after the death of her said husband, and before an administrator on his estate had been appointed, verbally instructed or requested plaintiff or some one of his clerks to let one Sheridan, a man in the employment of the estate, have out of plaintiff's store whatever articles he wanted, and that the estate would pay it; that said Sheridan afterwards got the large part of the goods composing said account, which, for convenience merely, were charged on plaintiff's books to the estate of said Lewis Ledlow; and that in the items of said account there were eleven dollars' worth of goods got by defendant on her own account, and which had been charged to her individually on plaintiff's books. The defendant then read in evidence two copies of the said account, one of which had been presented to her for payment, and the other to one Clark, the administrator of said Lewis Ledlow's estate, (and which said administrator refused to pay;) each of which accounts appeared to have been made out against the estate of said Lewis Ledlow, and not against the defendant. The defendant also read to the jury, without objection, a letter addressed to her in plaintiff's name, by his clerk, dated the 20th February, 1859, as follows:—

'Dear Madam—Mr. Clark settled with us the account against your late husband, but did not feel himself authorized to pay the estate account, as there were charges for articles delivered to Mr. Sheridan. You will recollect instructing Mr. J. J. Porter, one of my young men, to let Mr. Sheridan have any articles he should wish during the year, and the estate would be good for the same. Accordingly, the account was continued the same as before your husband's death. Please direct the administrator to pay the account, as follows: Estate, $91 28; Mrs. R. Ledlow, $11 52—$102 80, with interest from 1st January last.'

"Upon this state of facts, the court charged the jury, that if they believed the instructions were given by defendant to plaintiff as shown in the evidence, and that there was no administrator or executor of said Lewis Ledlow's estate at the time said instructions were given, and that the defendant never had any authority to buy or order goods for the estate, and that the credit was given, on account of said instructions, to the defendant,—then they must find for the plaintiff. To this charge the defendant excepted," and she now assigns it as error.

Wm. R. Smith, for appellant.

Van Hoose & Powell, contra.

R. W. WALKER, J.—The contract in this case was not within the statute of frauds, because there was no undertaking to answer for the debt or default of another. It is not pretended that the estate was liable for the goods sold; and a promise cannot be collateral, unless there be some one who owes the debt directly.—Sanford v. Howard, 29 Ala. 691; 2 Pars. Contr. 301. It is well settled, that where one assumes to act as agent for another, without having authority for that purpose, he will be personally responsible to the person with whom he deals.—Story on Ag. § 264; Lazarus v. Shearer, 2 Ala. 725; Howard v. Humes, 9 Ala. 661. It is said, however, that this principle has no application to this case, for the reason that the defendant did no act which could have led the plain-

tiff to suppose that she was the agent of, or had authority to bind the estate; and that from the circumstances, as disclosed by the record, the plaintiff must have known at the time that the defendant was not such agent.—Story on Ag. § 265. We may admit that this is so; still we do not perceive that the concession can aid the appellant. If goods are delivered to A, by the direction, and on the credit of B, and under his promise (made without authority) that C will pay for them, B is certainly liable if C refuses to pay, although the party selling the goods may have known that B had no authority to bind C. Whether the express refusal of C to pay would be necessary to perfect the liability of B, it is not necessary to determine. If the facts were as supposed in the charge, the goods were furnished to Sheridan, by the direction, and on the credit of the defendant, under a promise by her that the estate would pay or be good for the same. It appears to have been an undisputed fact in the case, that the account had been presented to the administrator of the estate, and that he had refused to pay it. On the hypothesis that the jury found the facts to be as supposed in the charge, the case falls directly within the principle above stated, and the liability of the defendant is clear. The mere fact that the goods were charged to the estate, is not conclusive evidence that they were sold on the credit of the estate. The court properly left it to the jury to determine, from all the circumstances, whether the credit was or was not given to the defendant.—Scott v. Myatt & Moore, 24 Ala. p. 493.

Judgment affirmed.