# Steen *v.* Sanders.

## Action on an Account.

1.  *Action on an account; admissibility of evidence prima facie irrelevant.*—Evidence *prima facie* irrelevant, is admissible when it is merely introductory to other evidence which is material and relevant to the issue involved ; and in an action for the price of goods, claimed to have been sold to the defendant for another person through plaintiff's agent, it is not error to admit in evidence a conversation between such other person and the defendant, wherein he asked the defendant to go with him to see plaintiff's agent, to get him to order

[Steen v. Sanders.]

goods from plaintiff, when it is shown that such conversation was merely preliminary to the rest of the transaction detailed by the defendant without objection, to the effect that he went to the plaintiff's agent and told him that such other person had sent him to get an order to plaintiff for some goods, that such agent wrote the order and at the same time stated that he, the defendant, must stand between him (the agent) and the plaintiff.

2. *Principal and agent; statements made by agent subsequent to transaction inadmissible.*—An agent has no authority to bind his principal by statements or admissions made by him, having reference to transactions previously conducted by him, and evidence of such statements or admissions made subsequent to such transactions, is inadmissible.

3. *Action on an account; charging goods on books to third persons; instructions to jury.*—The mere fact that goods were charged on the books of the seller to certain persons, is not conclusive that credit was extended to them, and not to another to whom the goods were claimed to have been sold for such persons; and in an action to recover the price of goods claimed to have been sold the defendant for certain other persons, where the defendant pleaded the statute of frauds and interposed the defense that the goods were sold to such other persons and charged to them, and that he did not agree to be responsible for the payment for the goods, a charge which instructs the jury that if the debts in question were, in fact, first charged to said third persons, then, in order to justify a verdict against the defendant, it must be shown that the defendant agreed in writing to pay said debts or one of them, is erroneous and should be refused.

4. *Same; effect of extending credit; charge to the jury.*—In such a case, a charge which instructs the jury that if they believe from the evidence that the credit for the goods in question was extended by plaintiff in the first instance to third persons, and not to the defendant, then they should find for the defendant, is free from error and is properly given.

5. *Charge of court to jury; duty of jury.*—A charge is free from objection, which instructs the jury that "It is the duty of the jury to look at all the material evidence in the case in order to determine what is the real and true state of facts; and you will weigh all the evidence in the case, so as to reconcile all the evidence where it may seem to conflict, or apparently conflict, if you can do so; you will not capriciously reject any evidence, but reconcile it all, if you can do so."

APPEAL from the Circuit Court of Lamar.

Tried before the Hon. S. H. SPROTT.

This was an action of assumpsit, brought by the appellant, J. W. Steen, against the appellee, George H. Sanders, and was founded upon an account for merchandise, alleged to have been sold by the plaintiff to the defendant. The complaint contained the common counts.

Issue was joined upon the pleas of the general issue and the statute of frauds.

The evidence for the plaintiff tended to show that he was a merchant doing business in Columbus, Miss., and that in 1892 he employed one W. B. Spann, living in Lamar county, Alabama, to solicit orders for goods among his friends in Lamar county, which orders were to be filled by plaintiff upon the recommendation of Spann as to the responsibility of the parties solicited by him; that in pursuance of said employment, Spann recommended the defendant as a suitable person to whom to sell goods; that during the months of April, July and August, he sold to the defendant certain goods for one Robert Clanton; that these several sales were made upon the recommendations of Spann, which were received by the plaintiff, and which the plaintiff testified were in substance that he was to let Sanders, the defendant, have the goods for Robert Clanton. This was a written order or recommdation which the defendant's testimony tended to show was lost. The plaintiff further testified that he sold defendant goods for one J. S. Walker; that these sales for Walker were made under the following circumstances: The defendant and Walker were in the plaintiff's store, and Walker wished to purchase some goods from him; that thereupon Sanders, the defendant, told him to let Walker have all the goods he wanted, and charge the same to him, Sanders. These two accounts in behalf of Clanton and Walker constitute the amount sued for. The plaintiff testified that he rendered a statement of each of the accounts to the defendant, and he interposed no objection thereto. There was other evidence in behalf of the plaintiff tending to show that defendant had recognized his obligation to the plaintiff on each account.

The defendant, as a witness in his own behalf, testified that Robert Clanton came to him when he was plowing, and asked him to go to Spann and get an order from him to plaintiff for some goods. To this testimony the plaintiff objected, on the ground that it was irrelevant and immaterial; and upon the court's overruling his motion the plaintiff duly excepted. The testimony for the defendant tended to show that he did not request that credit be extended to either Clanton or Walker, nor did he agree to be responsible for the payment of the goods sold to either of them.

W. C. Morton, a witness for the plaintiff, testified as follows: "In November, 1892, W. B. Spann came by where I was at work and inquired the nearest route to go to J. S. Walker's and Robert Clanton's. I told him the way. He said he was going to see said Walker and Clanton to collect some debts for the plaintiff, Steen, and that if he had had any hold on Mr. Sanders—the defendant—he would have sent him to see Walker and Clanton, because it would have been nearer to Mr. Sanders, than to said Spann." To all of this testimony the plaintiff objected, on the ground that it was irrelevant and immaterial, and moved to exclude the same. The objection and motion were overruled, and plaintiff duly excepted.

Upon the introduction of all the evidence, the court at the request of the defendant gave to the jury the following written charges, and to the giving of each of the charges the plaintiff duly excepted: (1.) "I charge you, gentlemen of the jury, that if you believe from all the evidence in the case that the debts in question were, in fact, first charged to the persons, Clanton and Walker, then in order to justify you in rendering a verdict against the defendant, Sanders, it must be shown to your satisfaction that the defendant, George Sanders, agreed in writing, to pay said debts or one of them." (2.) "If the jury believe from the evidence in the case that the credit for the goods in question was extended by plaintiff in the first instance to Clanton and Walker, and not to defendant, then you should find for the defendant." (3.) "It is the duty of the jury to look at all the material evidence in the case in order to determine what is the real and true state of facts; and you will weigh all the evidence where it may seem to conflict or apparently conflict, if you can do so; you will not capriciously reject any evidence, but reconcile it all, if you can do so."

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the rulings of the court upon the evidence, and the giving of the charges requested by the defendant.

NESMITH & NESMITH, for appellant.—The testimony of the witness Morton as to what the plaintiff's agent stated some months after the alleged sale, was irrelevant

[Steen v. Sanders.]

and immaterial to any issue involved in the case, and the court erred in admitting it.—*A. G. S. R. R. Co. v. Hawk*, 72 Ala. 117; 1 Brick. Dig. 63, § 159; 3 Brick. Dig. 35, § 108.

2. The first charge given at the request of the defendant was erroneous. No matter to whom the goods were charged, if they were advanced by plaintiff at the request and on the credit of defendant, Sanders, then it would be an original undertaking on the part of said defendant, and would not be within the statute of frauds. *Clark v. Jones & Bro.*, 87 Ala. 474; *Boykin v. Dohlande & Co.*, 37 Ala. 577; 2 Brick. Dig., 230, and authorities cited.

3. The second and third charges given for the defendant were also erroneous. They assume as a fact that the contract between the plaintiff and the defendant was within the statute of frauds, unless it was in writing, and they ignore material evidence in the case.—*Adams v. Thornton*, 78 Ala. 489; *Marx Bros. v. Leinkauff*, 93 Ala. 453; *Keaton v. Terry*, *Ib.* 85; *Byers v. State*, 105 Ala. 31.

DANIEL COLLIER, *contra*, cited 3 Brick Dig., 109, § 36; *O'Donnell v. Rodiger*, 76 Ala. 222; *Whilden & Sons v. Bank*, 64 Ala. 1; *Reeves v. State*, 95 Ala. 41.

HARALSON, J.—1. The conversation between Robert Clanton and the defendant,—objected to by plaintiff, as being irrelevant and immaterial,—wherein Clanton asked defendant to go with him to see Spann, the agent of the plaintiff, to get said agent to order some goods from plaintiff for him, the said Clanton, was merely preliminary to the balance of the transaction detailed by defendant, without objection, to the effect, that he went to Spann and told him that Clanton had sent him to get an order to plaintiff for some goods; that Spann wrote the order, and at the same time stated, that he, Spann, did not know Clanton, and he, Sanders, must stand between him, Spann, and all fire. The conversation objected to was a part of the *res gestæ* of the transaction growing out of it, and if the latter was admissible, which was not denied, as tending to show to whom credit was given for the goods, so was the former as a part of the latter. It was not offered except in connection with what grew out of it.

2. The conversation between the witness Morton and Spann in November, 1892, allowed to be stated by Morton, against the objection of plaintiff, was illegal and irrelevant evidence. The conversation occurred some months after the alleged liability of the defendant to plaintiff accrued, through the agency of said Spann. It is well settled that it is not within the scope of an agent's authority to bind his principal by admissions having reference to by-gone transactions. These are irrelevant to the original transactions.—*Ala. Gr. So. R. R. Co. v. Hawk*, 72 Ala. 117 ; *L. & N. R. R. Co. v. Carl*, 91 Ala. 271 ; *Terry v. Birmingham Nat. Bank*, 93 Ala. 599.

3. The court erred in giving for defendant charge numbered 1. There is no evidence that the goods were in fact first charged to Clanton and Walker as hypothesized in said charge, and even if they had been so charged, that fact would not have been conclusive that credit was extended to them and not to the defendant. It would be evidence tending to show merely that the goods were sold and credit given to said persons. Such a fact, if true, should have been referred to the jury, together with the other evidence in the cause, to determine whether credit was given exclusively to defendant or not.—*Sanford v. Howard*, 29 Ala. 684 ; *Ledlow v. Becton*, 36 Ala. 596 ; *Clark v. Jones*, 87 Ala. 475, 480.

4. We find no objection to charges 2 and 3 given for defendant.

Reversed and remanded.