# Peavy, *et al. v.* Griffin, *et al.*

## *Ejectment.*

### (Decided June 13, 1907. 44 South. 400.)

1. *Executors and Administrators; Appointment; Collateral Attack; Presumptions.*—On collateral attack it will be presumed from the appointment of an administrator de bonis non that a vacancy in the office of administrator existed unless the record shows affirmatively that there was no vacancy.

2. *Same; Sale of Land; Sufficiency of Petition.*—Under section 156, Code 1896, a petition for the sale of land which avers that the personal property of the estate is insufficient for the payment of the debts of decedent and that the sale of the land was necessary for that purpose, is sufficient to give the court jurisdiction to order the sale, on collateral attack.

APPEAL from Butler Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Ejectment by L. S. Peavy and others against Jim Griffin and others, statutory in its nature. There was judgment for defendant and plaintiff appeals. Affirmed.

JAMES F. JONES, for appellant.—Petition did not set out sufficient facts to give the court jurisdiction to order

[Peavy, et al. v. Griffin, et al.]

the sale on which the title is based.—*White v. McCor vey*, 63 Ala. 436; 73 Ala. 116. The costs accruing in the administration of the estate will not authorize a sale of land for the payment of such cost or debt; neither will debts created by previous administrators authorize the sale of land by his successor.—64 Ala. 262.

POWELL & HAMILTON, and LANE, CRENSHAW & LANE, for appellee.—No brief came to the Reporter.

DOWDELL, J.—This is a statutory action in the nature of ejectment, brought by the plaintiffs against the defendants for the recovery of certain land described in the complaint. The plaintiffs claimed title to the land as heirs at law of W. J. Peavy, deceased. The defendants claim title by deed from the administrator of the estate of the deceased Peavy under proceedings had in the probate court for the sale of land for the payment of debts of the deceased. For the purpose of showing their title, the defendants were permitted, over the objections of the plaintiffs, to introduce in evidence the records of the proceedings had in the probate court showing grant of administration, petition by the administrator for the sale of the land for the payment of debts, the order of sale, and subsequent proceedings showing sale, report of sale, confirmation of the same, and the execution of the deed by the administrator. The objections of the plaintiffs were general; the grounds of objection being that the same were illegal, irrelevant, and incompetent.

There were successive appointments of administrators in the course of the administration, which extended over a number of years. The administration in chief was committed to one Routon by virtue of his office as sheriff of the county. Following this the administration was committed to one Black as "administrator de bonis non, ex officio," and so on down to and including the

17R

appointment of the last administrator de bonis non, who completed the sale and made the deed. It is urged in argument that it is not shown that there was a vacancy in the office of the administrator in chief at the time of the appointment of the administrator de bonis non. Be this as it may, the rule is that on a collateral attack, which is the case here, unless the record affirmatively shows there was no vacancy, it will be presumed, in the appointment of an administrator de bonis non, that a vacancy existed.—*Ikelheimer v. Chapman's Adm'rs*, 32 Ala. 676; *Gray's Adm'rs v. Cruise*, 36 Ala. 599; *Sims v. Waters*, 65 Ala. 442; *Allen v. Kellman*, 69 Ala. 442; *Landford v. Dunklin*, 71 Ala. 594; *Bean v. Chapman*, 73 Ala. 140; *Henly v. Johnson*, 134 Ala. 646, 32 South. 1009, 92 Am. St. Rep. 48.

The petition for the sale of the land averred that the personal property of the estate was insufficient for the payment of the debts of the deceased, and that the sale of the land was necessary for that purpose. In averment the petition substantially followed the language of the statute.—Code 1896, § 156. In *Cotton v. Holloway*, 96 Ala. 544, 12 South. 172, the averment in the petition as to insufficiency of personal property and the necessity to sell the land for the payment of debts was the same as in the case before us, and it was there held, on collateral attack of the decree of the court, that the averments were sufficient to confer jurisdiction.

There was no error in overruling the objections to the introduction in evidence of the probate records. The procedings of the probate court showed a divestiture of plaintiff's title as heirs at law of W. J. Peavy, deceased.

The general charge requested by the defendant was properly given.

Affirmed.

TYSON, C. J., and ANDERSON and MCCLELLAN, JJ., concur.