(83 South. 114)

LOUISVILLE & N. R. CO. v. TALLY.
(6 Div. 794.)

(Supreme Court of Alabama.    June 12, 1919.
Rehearing Denied Oct. 23, 1919.)

1. JUDGMENT ⊕⊐16—JURISDICTION OF PARTIES AND SUBJECT-MATTER NECESSARY.

A judgment rendered by a court without jurisdiction of the subject-matter, or of the parties, is coram non judice.

2. JUDGMENT ⊕⊐497(1)—COLLATERAL ATTACK; WANT OF JURISDICTION AND PRESUMPTIONS FROM SILENCE OF RECORD.

Where record of judgment of domestic court of superior and general jurisdiction is merely silent upon any particular matter affecting jurisdiction, it will be presumed, notwithstanding, that whatever ought to have been done was not only done, but that it was rightly done.

3. JUDGMENT ⊕⊐497(1) — COLLATERAL ATTACK; RECITALS IN RECORD.

Recitals in judgment as to jurisdictional facts import absolute verity, unless contradicted as to other portions of judgment record.

4. JUDGMENT ⊕⊐499 — COLLATERAL ATTACK; EVIDENCE OUTSIDE RECORD.

On collateral attack, validity of judgment must be tried on record alone, and evidence extrinsic to judgment roll is inadmissible.

5. JUDGMENT ⊕⊐829(1)—COLLATERAL ATTACK ON JUDGMENT OF FEDERAL COURT.

A judgment of the federal court, in an action for wrongful death, which recited the appear-

---

ance of plaintiff as administratrix by her attorneys, etc., is conclusive against collateral attack and cannot be impeached in a proceeding in the state court by evidence dehors the record that the attorneys were not authorized to represent the administratrix; the matter being one within the jurisdiction of the federal court, and the record showing jurisdiction over the parties.

6. JUDGMENT ⊜⇒829(1) — "DOMESTIC JUDGMENT"; JUDGMENTS OF FEDERAL COURT.

The federal court sitting for the state is a domestic court, and its judgments within the scope of its jurisdiction are domestic judgments and entitled to the same presumptions as to jurisdiction as the judgments of an ordinary state court of record.

[Ed. Note.—For other definitions, see Words and Phrases, Domestic Judgment.]

Appeal from Circuit Court, Jefferson County; John H. Miller, Judge.

Action by Mrs. Etta Tally against the Louisville & Nashville Railroad Company for damages for the death of her husband. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Some of the counts allege that plaintiff's intestate was a passenger, and others allege that the servants or agents in charge of the train which killed intestate negligently failed to use the means at hand to prevent the injury, or that he was wantonly killed by the servant or agent in charge of appellant's train.

By its second plea as amended, appellant sets up that on, to wit, the 2d day of April, 1917, the plaintiff in the above-styled cause, Mrs. Etta Tally, as administratrix of the estate of W. F. Tally, deceased, by her attorneys, Henby & Jones, filed in the District Court of the United States for the Southern Division of the Northern District of Alabama a suit against the Louisville & Nashville Railroad Company, a corporation, the defendant in the above-styled cause, a copy of which complaint in said suit so filed in the said District Court of the United States is attached hereto, marked "Exhibit A" and made a part hereof; that the cause of action alleged and sued on in the said suit in the said District Court of the United States, as set forth in said complaint, marked "Exhibit A," is the same and identical cause of action sued on in this court, both being suits for damage for the death of W. F. Tally, the intestate, husband of Mrs. Etta Tally, the administratrix, said intestate being struck and killed by a train of the defendant on February 20, 1917; that the plaintiff, Mrs. Etta Tally, administratrix of the estate of Will F. Tally, in the said suit so filed in the said District Court of the United States, as set forth in said Exhibit A, is the same and identical person who sues as administratrix in this case in the circuit court of Jefferson county, Ala., and the said Mrs. Etta Tally is the same person and sues in the same capacity in this suit now pending in the circuit court of Jefferson county as in the said suit filed in the said District Court of the United States, set forth in said Exhibit A; and that the Will F. Tally, the intestate in said suit in the District Court of the United States mentioned and named in said Exhibit A, is the same and identical person named W. F. Tally, the intestate in this suit in the circuit court of Jefferson county, Ala.; that on the said 2d day of April, 1917, after said suit had been filed in the said District Court of the United States, the said court rendered and entered a judgment in said suit so filed in said District Court of the United States in favor of the plaintiff and against the defendant for the sum of $500 and costs in said suit; and that on, to wit, the 5th day of April, 1917, the said judgment was fully satisfied by the payment of the amount of said judgment and the amount of said costs to the clerk of the said District Court of the United States; that said judgment so entered on the said 2d day of April 1917, in the said District Court of the United States, was in the following language, to wit:

Monday, April 2, 1917.

The District Court of the United States in and for the Southern Division of the Northern District of Alabama met pursuant to adjournment. Present Hon. W. I. Grubb, United States District Judge, Northern District of Alabama, presiding; Ralph W. Quinn, Assistant United States Attorney; H. A. Skeggs, United States Marshal; and Chas. J. Allison.

This cause coming on to be heard, this day, come the parties herein by counsel, and in person, and in open court made known that they have consented and agreed, and do now consent and agree, that a judgment be entered in this cause in favor of the plaintiff and against the defendant for the full and complete sum of five hundred dollars and costs of this suit, except an attorney's tax fee, which was waived in open court by counsel for plaintiff.

Thereupon it is ordered, adjudged, and decreed by the court that the plaintiff have and recover of and from the defendant the full and complete sum of five hundred dollars, and costs of this suit, except an attorney's tax fee, for which costs and judgment an execution may issue. And the defendant further avers that said judgment of $500.00 and costs was fully paid on April 5, 1917.

Replying to this plea, plaintiff set up replication 2, as follows:

That the court that rendered said judgment was without jurisdiction of the person of the plaintiff and had no jurisdiction of the plaintiff, in that plaintiff did not institute said suit in which said judgment was rendered, or authorize any one else to institute said suit, and did not have any knowledge that said suit had been filed until after the rendition of said judgment, and has never consented to the bringing

of said suit, and has never ratified in any way the bringing of said suit in her name or in any way consented or ratified in said judgment.

(3) Plaintiff says that said suit was instituted by certain attorneys without her knowledge and without her consent and without her authority, and that said attorneys were not employed, retained, or otherwise authorized by her, at the time said suit was instituted, to represent her interest in said matter or to bring said suit, and had no authority or consent from her to do so. And plaintiff further avers that she did not know that said suit had been brought by said attorneys until long after said judgment had been rendered, and that she had received no part of the money for which said judgment was rendered and has in no way consented to or ratified the action of said attorneys on rendition of said judgment.

The demurrers raised the proposition that the judgment of the United States District Court is not void on its face, that it cannot be collaterally attacked, and that the judgment of said court must be given full faith and credit until set aside in a direct proceeding by a court of competent jurisdiction.

Tillman, Bradley & Morrow and C. E. Rice, all of Birmingham, for appellant.

Stallings & Drennen, of Birmingham, for appellee.

ANDERSON, C. J. [1-4] The proposition cannot be questioned that a judgment rendered by a court without jurisdiction of the subject-matter or the parties is coram non judice. It is a mere nullity, and if the want of jurisdiction appears on the face of the record, even of a court of general jurisdiction, it is open to collateral attack. "There is a well-recognized distinction between the presumption to be given the judgment of a court of limited or special jurisdiction and the judgment of a court of general jurisdiction. It is the well-established general rule that, when a domestic judgment of a court of superior and general jurisdiction acting within the ordinary scope of that jurisdiction is assailed collaterally, every presumption is made in favor, not only of the proceedings, but of the court's jurisdiction, both as regards the subject-matter and of the parties, unless the contrary affirmatively appears on the face of the record itself. The presumption as to the validity does not, however, extend to a case where it appears from the record that the court was without jurisdiction of either the person or the subject-matter. If a want of jurisdiction appear on the face of the record, the judgment or decree is void and will be treated as a nullity, and is subject to collateral attack." 15 R. C. L. § 358, p. 880. "According to the common-law rule, adhered to at the present time in most of the states, the presumption in favor of the jurisdiction of a court of general jurisdiction is conclusive and its judgment cannot be collaterally attacked where no want of jurisdiction is apparent of record. Whenever the record of such a court is merely silent upon any particular matter, it will be presumed, notwithstanding such silence, that whatever ought to have been done was not only done but that it was rightly done. So where the judgment contains recitals as to the jurisdictional facts, these are deemed to import absolute verity unless contradicted by other portions of the record. Consequently, such a judgment cannot be collaterally attacked in courts of the same state by showing facts aliunde the record, although such facts might be sufficient to impeach the judgment in a direct proceeding against it. The validity of a judgment when collaterally attacked must be tried by an inspection of the judgment roll alone, and no other or further evidence on the subject is admissible, not even evidence that no notice had been given." 15 R. C. L. § 373, p. 893, and numerous cases cited in note; Black on Judgments, § 270; Freeman on Judgments, §§ 130, 131. The courts of some states have, however, departed from the common-law doctrine, and take the view that want of jurisdiction in the court rendering the judgment may be established by extrinsic evidence, not only where the record is silent on the subject of jurisdiction, but even to contradict recitals of jurisdictional facts found therein; but Alabama has, by a long line of decisions, followed the weight of authority in adhering to the common-law doctrine. White v. Simpson, 124 Ala. 238, 27 South. 297; Peavy v. Griffin, 152 Ala. 256, 44 South. 400; Carr v. Ill. Cent. R. R., 180 Ala. 165, 60 South. 277, 43 L. R. A. (N. S.) 634; Breeding v. Breeding, 128 Ala. 412, 30 South. 881; Winter v. London, 99 Ala. 263, 12 South. 438; Winkler Brokerage Co. v. Courson, 160 Ala. 374, 49 South. 341.

[5] The judgment of the federal court, as set out in the defendant's special amended plea 2, was not void upon its face, the court had jurisdiction of the subject-matter, and the judgment recited the appearance and action of counsel for the parties. The plaintiff contended, however, that the appearance and action of counsel was unauthorized and that she was not a party to the judgment. If this were true, then the judgment would be unquestionably void as for want of proper parties; but this fact can only be shown by proof dehors the record, and which is not permitted upon collateral attack. As was said by this court in the case of Winkler Brokerage Co. v. Courson, 160 Ala. 374, 49 South. 341, speaking through Simpson, J., in discussing the rights and remedies of parties against unauthorized appearances and actions of attorneys:

"It is also clear from these authorities that, when a judgment has been rendered by confession, by an unauthorized attorney, or attorney in fact, the remedy is either by direct application to the court which rendered the judgment, or by bill in equity."

It is therefore evident that, if the judgment in the federal court is void because there was no appearance by the plaintiff and that the appearance of counsel as recited in the judgment was unauthorized or fraudulent, said court would no doubt have the power to vacate the judgment upon direct attack by motion or bill in equity. But this plaintiff cannot let said judgment stand unmolested in said court and attempt to avoid the effect of same upon a collateral attack dehors the record.

[6] It is true the judgment in question was rendered by the federal court, but it is a court of this state, and to every intent and purpose its judgment is what is termed a "domestic judgment" and should be accorded the same verity as one rendered by the courts of general jurisdiction of this state. Black on Judgments, § 285; Pearce v. Winter Iron Works, 32 Ala. 68; Riverside Cotton Mills v. Ala. Mfg. Co., 198 U. S. 188, 25 Sup. Ct. 629, 49 L. Ed. 1008; 15 R. C. L. § 364, p. 886; Reed v. Vaughan, 15 Mo. 137, 55 Am. Dec. 133, and note. See, also, note 32 Am. St. Rep. 213. We think that the rule was well stated in the case of Sandwich Mfg. Co. v. Earl, 56 Minn. 390, 57 N. W. 938, wherein it was said that a judgment of a federal court in this state cannot be collaterally attacked in a state court, unless a want of jurisdiction appears on the face of the record; the theory being that it stands on the same footing as a judgment of a domestic court of record. Attention is called by counsel for appellee to 23 Cyc. (d) p. 1600, and note 73. It must be observed that, if the text and certain cases in said note oppose this holding, the said note cites the United States and Alabama courts as contra.

The trial court erred in not sustaining the defendant's demurrer to replications 2 and 3 to its amended plea 2.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.