11 So.2d 138

### DAVIDSON et al. v. QUIGLEY.

### 6 Div. 85.

Supreme Court of Alabama.

Dec. 22, 1942.

Erle Pettus, of Birmingham, for appellants.

Beddow, Ray & Jones, of Birmingham, for appellee.

BOULDIN, Justice.

The appeal is from a decree overruling demurrers to a bill in equity as amended. The bill was filed by appellee, Dessa Quigley, as administratrix of the estate of Augustine Quigley, deceased. The respondents are the children and heirs at law of decedent.

The bill as amended avers the administration of the estate was removed to the equity court prior to the filing of the bill.

A primary purpose of the bill is to sell the real estate for the payment of the debts of the estate.

The bill avers the decedent died intestate, that he owned at the time of his

death two described parcels of real estate; that he then "owed a large amount of debts which have been duly filed in said Probate Court"; that the personal property of the estate is insufficient for the payment of debts, and further that the entire personal property did not exceed in value $1,000, all of which was exempt to said Dessa Quigley, the surviving wife of decedent. These averments are sufficient to invoke the jurisdiction of the court for the sale of lands to pay debts. The bill has equity for that purpose. This is one of the proceedings to be had in the administration of the estate in equity. It was not subject to general demurrer for want of equity. It was unnecessary to give a list of the indebtedness or a statement of the aggregate amount. These were matters for ascertainment upon evidence adduced under appropriate procedure in equity. Cotton v. Holloway, 96 Ala. 544, 12 So. 172; Peavy v. Griffin, 152 Ala. 256, 44 So. 400.

Incidental to such relief the bill seeks, among other things, to have ascertained and decreed what lands are subject to sale for payment of debts.

Parcel No. 2 described in Section 4 of the bill may be more briefly described as follows: A lot or parcel of land situated in the northeast corner of the N.E.¼ of the S.W.¼ of Section 5, Township 18, Range 3, being 120 feet in width, measured east and west, and extending south to Warrior Road, containing one acre.

The bill avers the homestead occupied by decedent and wife at the time of his death was a lot 120 by 140 feet, the north end of Tract No. 2, and that a lot described as "East 120 feet of N.E.¼ of S.W.¼, North of Warrior Road, except the North 140 feet, of Section 5, Tp. 18, R. 3," was sold for taxes, purchased by the State, and later redeemed by Thomas S. Quigley, a son of decedent, who now claims title thereto. The bill seeks to divest the title out of him, reimbursing him for his outlays, and declare this lot a part of the lands of decedent subject to sale for payment of debts.

■ This feature of the bill appears to proceed on the theory that a redemption of lands from tax sales by "heirs or personal representatives" of the owner under the statute, now Section 303, Title 51, Code of 1940, results in reinstating the property as part of the estate of the deceased owner, subject to the right of the heir to be reimbursed for his outlays on redemption and in payment of subsequent taxes. This question is not here for decision for the following reasons: The bill shows the decedent died in 1939, that this tax sale had been made in 1934, and the son redeemed it in 1938, during the lifetime of decedent. It thus appears that this lot sold for taxes was cut off Parcel No. 2, and, thereafter, the homestead was the remaining portion as above described. The validity of the tax sale is not questioned. The law did not authorize the child to redeem from tax sales, as does the statute for redemption from mortgage sales, etc. But, in certain events, the State could sell, and make a deed to a purchaser, passing a complete title, regardless of any right of redemption in such purchaser.

The bill makes no averments of fact under which this purchase or redemption by the son would enure to the father in his lifetime, or to his estate after his death. It proceeds on the hypothesis that the son acquired title from the State. This feature or aspect of the bill is without equity, and the demurrer challenging same should have been sustained.

■ The bill further seeks to set aside or allot the homestead to the surviving wife. She is also administratrix, and files her bill as administratrix only. The primary duty is upon the administratrix, as such, to cause the homestead to be allotted, and thus delimit the real estate subject to the payment of debts. Boyte v. Perkins, 211 Ala. 130, 99 So. 652.

As before noted, the homestead in this case was a lot 120 by 140 feet, not the only real estate owned by decedent at the time of his death. The bill avers there is an outstanding mortgage on this property only, given in 1934 to Home Owners Loan Corporation for the sum of $4,500. The amount of the mortgage debt at the time of decedent's death, or at the time of filing the bill, is not alleged. The mortgagee is not a party to the bill as amended. It is averred that after application of the proceeds of sale of all other lands, the equity of redemption in the homestead would be less in value than $2,000.

The prayer seeks to have all the other lands first sold; "and that the proceeds of the sale of said lands, after the payment of all legal claims against said estate, cost,

expenses, taxes, and solicitors' fees, be applied to the payment of the indebtedness owing to the Home Owners Loan Corporation, and that upon a report of the sale of said land your Honor will fix and determine the net amount of the lien of the Home Owners Loan Corporation upon the homestead of Dessa Quigley."

The bill further prays that thereupon the value of the homestead lot be ascertained and decreed, and if the value be less than $2,000, after deducting the mortgage debt remaining a lien thereon, same be set apart as a homestead, and if the homestead, after deducting the encumbrance exceeds $2,000, same be sold and $2,000 awarded to her in lieu of homestead. There is a prayer for general relief.

■ The bill does not aver the mortgagee ever presented the debt secured by mortgage as a personal debt of the mortgagor and a claim against his general estate. Since this bill seeks affirmatively to have the mortgagee paid pro tanto from proceeds of other lands, the bill should aver the facts warranting such relief, which facts, ex necessitate, include presentation of the claim as required by law. The bill is defective in this regard.

The bill also avers the widow has filed her written consent to a sale of her unassigned dower interest in the lands under Section 271, Title 61, Code of 1940. This procedure looks to an ascertainment of the value of the dower interest to be paid from the proceeds of sale. Section 272, Title 61, Code of 1940.

■ An administrator's first duty is to creditors of an estate. Where, as here, the administratrix is also the widow, whose dower and homestead rights are involved, the administratrix is in the position of representing conflicting interests in the proceeding if the sole party complainant. In such case the surviving wife should also be made a party individually in a suit in equity of this character. Decrees binding her individually are sought. The demurrers for nonjoinder of Dessa Quigley, individually, as party complainant, should have been sustained. Since no relief is sought as against the mortgagee, there was no necessity to make it a party respondent.

Reversed and remanded.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.