The State of Alabama filed a complaint seeking to declare a Ford truck in the possession of Jim Trice Honda to be contraband and, thus, subject to condemnation. The complaint alleged that the original vehicle identification number on the Ford truck had been removed and replaced with a falsified number. The State seized the vehicle pursuant to § 32-8-86 (c) of the Alabama Certificate of Title and Antitheft Act, which provides:
 (c) A person who buys, receives, possesses, sells or disposes of a vehicle or an engine for a vehicle, knowing that an identification number of the vehicle or engine has been removed or falsified, is guilty of a misdemeanor.
The State contends that it is illegal to possess a motor vehicle manufactured prior to or subsequent to 1975 on which the vehicle identification number has been falsified. Section32-8-86 (c). The State further asserts that such a vehicle is considered contraband per se and can be seized and condemned. Defendant's main contention in reply is that the State failed to prove that he had violated § 32-8-86 (c) and that the trial court's finding to this effect should be upheld.
The dispositive issue then is whether the evidence adequately supports the trial court's conclusion that the State failed to prove its case. Should we conclude that the evidence is sufficient to uphold the trial court's finding, the other questions raised in brief by the parties will be pretermitted.
The statute in question is obviously penal in nature, for a violation thereof is made a misdemeanor. Penal statutes are to be strictly construed and all doubts concerning their interpretation are to be resolved in favor of the accused.Clements v. State, Ala., 370 So.2d 723 (1979).
Section 32-8-86 (c) of the 1975 Code is a penal statute because a violation of it is made a misdemeanor. Hence it must be given a strict construction and any doubt about its interpretation must be resolved in favor of the defendant.
A violation of § 32-8-86 (c) occurs if a person buys, receives, possesses, sells or disposes of a vehicle knowing
that the vehicle identification number has been removed or falsified.
In the case at bar the State seized and sought to condemn the vehicle in question because the vehicle identification number had been falsified. It, therefore, had the burden of proving not only that the vehicle identification number had been falsified, but also that the defendant knew the vehicle identification number had been falsified. Section 32-8-86 (c);see also Greenway v. State, 8 Md. App. 194, 259 A.2d 89 (1969). Thus the State would have to show that the defendant knew that the vehicle identification number had been falsified at the time the vehicle was seized. (The defendant was not prosecuted criminally for a violation of the statute.)
In an attempt to meet its burden of proof, the State offered expert testimony that the vehicle identification number on the Ford truck had been falsified; it also offered proof to the effect that the defendant had attempted to sell the vehicle after obtaining it in a trade but the sale fell through because the would-be purchaser complained that there was some trouble with the "numbers." The defendant took it back and said he would solve the problem. There is also testimony that the defendant was told by the police, after their assistance was sought to determine if the vehicle was stolen, that the vehicle identification number *Page 221 
had been altered but the police were not able to place a particular model year on this Ford vehicle. The testimony as to the model year ranged from 1973 to 1976.
The State's witnesses also testified that they were unable to talk to prior titleholders and were unable to say that the vehicle had been stolen.
The defendant testified that he took the vehicle in question as a 1974 Ford one-half ton pick-up in a trade with a Dora policeman. The vehicle had no tag on it because the previous owner had a National Guard tag on it and took it off when it was traded to defendant. He stated he did not know the vehicle identification number had been falsified. He said that he bought the truck as a 1974 model and he believed that to be the model year. He further stated that he had been in the automobile business for nineteen years and he could not say what significance the various numbers and letters in the serial number had nor was he concerned with the serial number, except to place it on the bill of sale or to verify the title. Nor did he check the frame for a serial number. He was told by a local policeman that the vehicle was probably stolen.
The finding of the trial court sitting without a jury has the effect of a jury verdict and, if supported by competent evidence, will not be disturbed unless plainly erroneous.San-Ann Service, Inc. v. Bedingfield, 293 Ala. 469,305 So.2d 374 (1974).
In the instant case the trial court found, in effect, that the State had failed to prove that the defendant received, bought or possessed the vehicle in question knowing that the vehicle identification number had been falsified. Such a finding is required, assuming the evidence supports it, in view of the State's position that mere possession of the vehicle with a falsified vehicle identification number warrants its seizure and condemnation. The statute requires that the defendant possess the vehicle knowing that the vehicle identification number has been falsified. The evidence is sufficient to support the conclusion that the defendant had no knowledge that the vehicle identification number had been falsified. Under these circumstances, the judgment of the trial court is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.