EDWARD N. SCRUGGS, Retired Circuit Judge.
The complaint, which was filed on December 28, 1978, sought damages for a breach of warranty in the sale of a truck, the primary allegation being that Tucker Motor Company (Tucker), the defendant seller, contrary to the contract, did not convey good title to the plaintiff purchaser (Davenport) and that, as a proximate result of such breach, Davenport lost the possession, title and use of the truck.
Third, fourth, fifth and sixth party defendants were added, which individuals and/or entities were alleged to be predecessors to Tucker in the truck’s chain of title. This built up a voluminous record, the clerk’s portion alone being over two hundred pages. What appears to be most complicated at first blush is simplified somewhat since the present appeal involves only the two original parties. In an attempt to separate the wheat from the chaff, the recital of facts shall be limited in scope so as to primarily touch those issues here decided.
In this case on January 19, 1979 and again on January 30, 1979, Davenport filed a motion stating that on October 11, 1978 the Tuscaloosa Police Department took the truck into their possession and refused to release it to him. He sought an order from the court for the release of the truck to him as the rightful owner. On February 1,1979 the State of Alabama, through an assistant district attorney, answered Davenport’s motion and filed a “counter motion” seeking to condemn the truck as contraband since its true identification numbers were obliterated so as to make scientific identification of the true identification numbers impossible and since false numbers had been substituted on the truck. The record fails to disclose that anyone was given a copy of the State’s motion. The record is silent as to notification of the trial date to any party, which trial was held on February 2, 1979 as to Davenport’s motion and as to the State’s motion. No record was made of the evidence presented at the trial. Admittedly, Tucker was not present in person or by attorney. On February 2, 1979 the trial court entered the following judgment:
The Court having heard the pleadings and evidence, it is hereby Ordered that the 1974 Ford Ranger XLT Pick-Up truck, Serial Number F10YLT10820, is contraband according to law, because said serial number is false and the true serial number has been obliterated and cannot be ascertained by scientific identification, making possession of such vehicle illegal under 32-8-86(c) and (d), Code of Alabama 1975. It is further ordered that said vehicle is forfeited to the City of Tuscaloosa for use by the Detective Division of the Tuscaloosa Police Department for law enforcement purposes, and further that the City of Tuscaloosa deliver said vehicle to the Sheriff of Tuscaloosa County, Alabama for destruction according to law when such use for law enforcement purposes has ended, and upon said destruction, said Sheriff of Tuscaloosa County is hereby ordered to submit a certificate of destruction of said contraband to the Clerk of this Court, at the cost of plaintiff.
On March 2,1979 Tucker moved the court to reconsider the condemnation of the truck because Tucker had had no notice of the filing of the State’s motion nor of such hearing. Tucker’s motion was overruled.
In September 1979, Davenport filed his motion for a summary judgment against *103 Tucker alleging that, as a breach of warranty, Tucker sold the truck to Davenport but did not transfer good title to it, that the truck was contraband and that he was caused to forfeit and lose the possession of the truck. The only supporting evidence as to such averments was an attached copy of the February 2, 1979 condemnation judgment or references to such judgment. In short, the proof was inadequate except for the judgment or allegata pertaining thereto. The circuit court ordered that a summary judgment be granted as to Tucker’s liability to Davenport and that the amount of damages be determined by a jury.
On November 15, 1979 the court sent a memorandum to the six attorneys representing all parties that, “If and when the Plaintiff Davenport is paid in full and satisfied, then the other Defendants, Cross Plaintiffs, Cross Defendants, etc. may have their claims heard and ruled on.”
The court ordered that the case be first tried solely as to assessing Davenport’s damages against Tucker. The jury’s verdict on January 29, 1980 ascertained such damages at $4,200; and, on the same date, the following additional entry was made by the court on the case action summary, “Judgment accordingly herein in favor of plaintiff and against defendant and in the said sum of $4,200.00 in accordance with jury verdict herein.”
After numerous motions and rulings thereon as to the third, fourth, fifth and sixth party matters, on April 30, 1980 the court rendered the following judgment:
IT IS, FURTHER, ORDERED, ADJUDGED AND DECREED .by the Court that there is no just reason for delay in entering the judgment against Defendant Tucker Motor Company, Inc., in favor of Plaintiff Murray F. Davenport as a final judgment. The Court expressly directs the entry of this judgment as a final judgment on the issues, and the same hereby is entered as a final judgment on said issues.
Tucker filed its notice of appeal on June 10, 1980.

Motion to Dismiss the Appeal

Davenport contends that there was a severance of this case from the other actions, and that this appeal is untimely since the appeal should have been taken within forty-two days of the January 29, 1980 judgment. Hence, he argues that this appeal is due to be dismissed.
As we construe the record, the trial court ordered a separate trial under ARCP Rule 42(b) but not a severance under Rule 21. This finding is buttressed by the action of the circuit court in clearly making the judgment final as is authorized by Rule 54(b) on April 30, 1980. Tucker could not have appealed prior to that April judgment. Walker County Petroleum Council v. Walker County, 368 So.2d 862 (Ala.1979). The appeal in this case was timely. We overrule Davenport’s motion to dismiss the appeal.

Merits

We have researched and studied the appellate decisions of this state and have found no occasion where the condemnation or forfeiture of personal property has been allowed except in those limited instances when the legislature has permitted such proceedings to be instituted. Alabama’s Uniform Certificate of Title and Anti-theft Act, § 32-8-1 et seq., Code of Alabama 1975, makes it a crime to possess a vehicle knowing that an identification number of the vehicle has been removed or falsified. However, that legislative act fails to render such a vehicle contraband and no right is granted therein either to condemn it or for its forfeiture. Without proper statutory or constitutional authority, the power of government to condemn or to forfeit the private property of its citizens does not exist.
It was not decided in State v. One Ford XLT, 387 So.2d 219 (Ala.Civ.App.1980), that a right to condemn a vehicle bearing a falsified identification number had been granted by the legislature to the state, or any agency thereof. That opinion merely affirmed the decision by the circuit court that the evidence was inadequate to prove a *104 violation of the statute. All other issues in that case were pretermitted.
We now specifically hold that a condemnation or forfeiture right does not exist as to vehicles knowingly possessed in violation of Alabama’s version of that uniform act. Jackson v. Evans, 379 So.2d 1236 (Ala.1980); Reeder v. State, 294 Ala. 260, 314 So.2d 853 (1975).
Since there was absolutely no statute which authorized either the condemnation or the forfeiture of the truck, the court lacked jurisdiction to render the February 2, 1979 condemnation judgment. That judgment was void upon its face and is subject to either direct or collateral attack.
“The presumption as to the validity does not, however, extend to a case where it appears from the record that the court was without jurisdiction of either the person or the subject-matter. If a want of jurisdiction appear on the face of the record, the judgment or decree is void and will be treated as a nullity, and is subject to collateral attack.” 15 R.C.L. § 358, p. 880.
Louisville & N. R. v. Tally, 203 Ala. 370, 83 So. 114 (1919); 13 Ala.Dig., Judgments, § 16.
The effect of a void judgment is enunciated in 46 Am.Jur.2d 347, Judgments, § 49 as follows:
A void judgment is not entitled to the respect accorded to, and is attended by none of the consequences of, a valid adjudication. Indeed, a void judgment need not be recognized by anyone, but may be entirely disregarded or declared inoperative by any tribunal in which effect is sought to be given to it. It has no legal or binding force or efficacy for any purpose or at any place. It cannot affect, impair, or create rights, nor can any rights be based thereon.
Although it is not necessary to take any steps to have a void judgment reversed or vacated, it is open to attack or impeachment in any proceeding, direct or collateral, and at any time or place, at least where the invalidity appears upon the face of the record. It is not entitled to enforcement and is, ordinarily, no protection to those who seek to enforce it. All proceedings founded on the void judgment are themselves regarded as invalid and ineffective for any purpose.
In short, a void judgment is regarded as a nullity, and the situation is the same as it would be if there were no judgment. It accordingly leaves the parties litigant in the same position they were in before the trial. [Footnotes omitted.]
Since the judgment is a nullity, we must ignore it and all references to it and reliances upon it in our consideration of the propriety of the action of the circuit court in partially granting Davenport’s motion for a summary judgment. Without the condemnation judgment, the foundation for the motion collapses for lack of a valid record to support the averments of the motion. The interlocutory summary judgment on the issue of liability should not have been rendered, which necessitates a reversal and remand of the case.
Even if the condemnation judgment were not void, a reversal would be required for failure to provide procedural due process to Tucker. As previously indicated, no notice was given to Tucker of the filing of the “Counter motion” by the State nor of the hearing which was held on February 2, 1979. That motion and its hearing were filed and held in a case wherein Tucker was an original party defendant. Tucker’s liability to Davenport was largely decided without Tucker having the opportunity to participate in the trial thereon. This results in constitutional due process error.
Other issues vigorously argued by the parties are nonessential for decision in view of the above.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975. His opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.