BRADLEY, Judge.
This case involves an alleged breach of contract.
The facts of the present case were heavily disputed at trial. The dispute arose out of a contract to replace a roof on a building in Florala, Alabama.
Inez Harper owned a two-story building in Florala, Alabama. She had problems with a leaking roof and, as a result, hired Billy R. Myrick to place a new roof on the building. As part of the agreement, Myrick guaranteed the roof for one year. At the time of contracting, Myrick informed Harper that a tree on her neighbor’s property was overhanging her roof. Leaves from this tree had clogged the drainpipe, causing water to stand on the roof. Harper agreed to have the tree cut down or trimmed back.
Several weeks after Myrick replaced the roof, Harper called him complaining that the roof was still leaking. The testimony indicates that Myrick came out and did some repair work. He stated that Harper had never had the tree cut and that again the drainpipe was clogged, causing several inches of water to stand on the roof. Again he told Harper to have the tree cut in order to prevent the water problem. Myrick even brought a man to see Harper about cutting the tree.
Harper testified that her neighbor refused to allow the tree to be cut down. She further testified that Myrick had not come to repair the roof when she called him.
In September Myrick came back to repair the roof and found that part of it had collapsed. He stated that this was due to standing water caused by the tree. He also introduced a contract purportedly signed by Harper agreeing to pay another $1,400.00 to repair the collapsed roof. Harper claimed that her signature on this agreement was a forgery.
The testimony indicates that Myrick made these repairs but was never paid. The roof, however, continued to leak. Harper’s attorney wrote several letters asking that the roof be repaired, but Myrick refused to do any more. As a result Harper filed suit for the $4,640.00 she had paid Myrick to install the roof.
The case was heard before the court sitting without a jury. After hearing the evidence the court entered a verdict for the defendant. Harper filed a motion for new trial which was deemed denied after the passage of ninety days. As a result Harper filed a timely appeal to this court.
The only issue presented in this appeal is whether the trial court erred in finding in favor of Myrick. Harper contends that Myrick breached that part of the contract guaranteeing his work for one year. As a result, she argues that the judgment should have been in her favor. We, however, do not agree with this contention.
The question of whether Myrick breached his guarantee was one of fact to be resolved at trial. Under the ore tenus rule we must presume that the trial court’s judgment is correct. It has often been stated that the findings of a court sitting without a jury will not be overturned on appeal unless plainly wrong. State v. Honda, 387 So.2d 219 (Ala.Civ.App.1980). In this case we can find evidence to support the trial court’s findings.
There was a great deal of testimony at trial concerning the quality of the new roof. Harper presented two witnesses who inspected the roof sometime after it had been put on. They both testified that the new roof did not appear to have been properly installed. However, Myrick presented testimony that substantial time was expended and a great deal of material was used in installing the roof. From the testimony the trial court could certainly conclude that the new roof was properly installed and in good condition.
Further, there was substantial evidence to indicate that the leaking problem was caused by standing water on the roof. The evidence showed that the overhanging tree had clogged the drainpipe on several occasions, preventing water from draining from *523 the roof. It is undisputed that Harper had been told repeatedly by Myrick that the tree had to be trimmed back or removed. The trial court could easily conclude from this evidence that the leaking problem was caused by Harper’s failure to remove the tree.
From the evidence the trial court could conclude that Myrick had installed the roof in a workmanlike manner, and that Myrick was guaranteeing his work for one year. Further, the court could have concluded that the leaking problem was due to the overhanging tree and not the failure of Myrick’s workmanship. As a result, it was certainly within the purview of the trial court to conclude that Myrick was relieved of any further obligation.
Having found evidence to support the trial court’s findings, the judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.