PER CURIAM.
Appellant, Tommy Lee Martin, filed a complaint for declaratory judgment against the Alabama Board of Pardons and Paroles (Board) in the Circuit Court of Montgomery County, seeking an order declaring him eligible for consideration for parole in spite of restrictions of Ala.Code 1975, § 15-22-27.2. He alleged, inter alia, that the statute is unconstitutional as applied to him or that such statute does not apply to him.
The facts are not in dispute. Martin is currently serving four concurrent life sentences for robbery committed during the year 1979. He has been previously convicted for rape in 1973. While the Board considered him for parole in the past, it is not now considering him based upon its application of Ala.Code 1975, § 15-22-27.2. After hearing arguments and reviewing the briefs, the trial court ruled that the statute was correctly construed by the Board as applied and that Martin was not eligible to be considered for parole, and that same was constitutional as it applied to Martin. Martin appeals and we reverse. No briefs were filed either from the Board or the Attorney General.
The statute in question states: “In all cases where a criminal defendant has been convicted of a Class A felony committed after a previous conviction of another Class A felony, and such second conviction results in a sentence of imprisonment for life, he shall not be eligible for parole.” Ala. Code 1975, § 15-22-27.2.
Martin’s 1973 conviction for rape preceded the current Alabama Criminal Code, which became effective January 1, 1980, and created the classification of offenses. Ala.Code 1975, § 13A-1-1, et seq. Therefore, prior to January 1, 1980, there were no offenses in Alabama classified as Class A offenses. Ala.Code 1975, § 13A-l-7(a) and (c) specifically provides:
“(a) The provisions of this title shall govern the construction of and punishment for any offense defined in this title and committed after 12:01 A.M., January 1, 1980.... (c) The provisions of this title do not apply to or govern the construction of and punishment for any offense committed prior to 12:01 A.M., January 1, 1980,.... Such an offense must be construed and punished according to the provisions of law existing at the time of the commission thereof in the same manner as if this title had not been enacted.” (Emphasis supplied.)
Martin correctly asserts that for the Board to base its decision to deny him consideration for parole upon a class of offenses which did not exist at that time violates this statute.
Additionally, it is well-settled in Alabama, as in most jurisdictions, that statutes which are penal in nature are subject to strict construction and ought to be interpreted strictly against the state and liberally in favor of the accused. State v. Honda, 387 So.2d 219 (Ala.Civ.App.1980).
Clearly, the legislature could have provided for offenses committed prior to the enactment of the Alabama Criminal Code which would be Class A felonies and were such a crime at the time committed; however, no such provision was included. Therefore, based on the plain language in the Alabama Criminal Code and the strict construction of the statute involved, Martin was entitled to a declaratory judgment that he was not within the classification of persons defined in Ala.Code 1975, § 15-22-27.2, and should be considered for parole. Having determined that Martin is not within the class of persons covered by the statute, we pretermit a discussion of the constitutional issues raised in Martin’s brief.
We remind appellant, however, that although he is entitled to be considered for parole, the granting of parole is not a legal right but is subject to the discretion and power of the Board. Williams v. State, 420 So.2d 91 (Ala.Crim.App.1982); see also Andrus v. Lambert, 424 So.2d 5 (Ala.Crim.App.1982).
Based upon the foregoing, the judgment of the trial court is due to be, and is here *216 by, reversed and remanded for entry of an order consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.