JOINER, Judge,
dissenting.
Robert Lewis was convicted of first-degree robbery in 1983 and was sentenced as a habitual felony offender to life imprisonment without the possibility of parole. See § 13A-5-9(c)(3), Ala.Code 1975. This Court affirmed his conviction and sentence on direct appeal. Lewis v. State, 465 So.2d 1185 (Ala.Crim.App.1984).
At the time Lewis was convicted, § 13A-5-9(c)(3), Ala.Code 1975, a part of Alabama’s “Habitual Felony Offender Act” (“the HFOA”), provided for a mandatory sentence of life imprisonment without the possibility of parole for a conviction of a Class A felony offense where the “criminal defendant ha[d] been previously convicted of any three felonies.” In 2000, the legislature amended the HFOA. See Act No. 2000-759, Ala. Acts 2000. Among other things, Act No. 2000-759 amended § 13A-5-9(c)(3) of. the HFOA to provide that, upon conviction of a Class A felony offense, an offender with three prior felony convictions but no prior convictions for a Class A felony would be sentenced to either life imprisonment or life imprisonment without the possibility of parole.
In 2001, the legislature made the 2000 amendment to the HFOA retroactive. See Act No. 2001-977, Ala. Acts 2001, codified at § 13A-5-9.1, Ala.Code 1975. In Kirby v. State, 899 So.2d 968 (Ala.2004), the Alabama Supreme Court held that § 13A-5-9.1 permitted certain inmates who had been sentenced under the HFOA . before the 2000 amendment to file motions for sentence reconsideration. The legislature repealed § 13A-5-9.1 effective March 13, 2014. See Act No. 2014-165, Ala. Acts 2014.
According to this Court’s records, Lewis has filed 3 motions to reconsider his sem tence pursuant to § 13A-5-9.1, Ala.Code 1975 (and at least 10 petitions seeking postconviction relief pursuant to Rule 32, Ala. R.Crim. P.). Lewis filed the instant motion to reconsider his sentence — his fourth such motion — in May 2013. The circuit court denied Lewis’s May 2013 motion, stating: “[Lewis] does not appear to be eligible for [sentence] reconsideration as [he] was previously convicted of two separate Robbery cases, Class A Felony offenses, which were used for purposes of the [HFOA]-sentence ... imposed in this casé.” (C. 8.) According to the record, those two robbery convictions were first-degree-robbery convictions from thé 1970s. On appeal; Lewis argued, among other things, that the circuit ’court had erréd in finding' that he had previously been “convicted of two ... Class A Felony offenses” because, he said, there were no offenses in Alabama classified as “Class A” offenses before January 1,1980.
Although he now disagrees with that conclusion of the circuit court, Lewis apparently agreed with it as recently as 2007: Our unpublished memorandum affirming the denial of Lewis’s eighth Rule 32 petition notes that Lewis conceded that his previous first-degree-robbery convictions rendered him ineligible for sentence reconsideration. under § 13A-5-9.1, Ala.Code 1975. See Lewis v. State (No. CR-07-0375, Feb. 22, 2008), 21 So.3d 805 (Ala.Crim.App.2008) (table).
*1180 Even so, this Court, in an order dated July 9, 2014, agreed with Lewis’s contention in the instant appeal and stated:
“In [his] brief on appeal, Lewis cites to a case by the Alabama Court of Civil Appeals, Martin v. Alabama Board of Pardons & Paroles, 597 So.2d 214, 215 (Ala.Civ.App.1992), which held that because ‘prior to January 1, 1980, there were no offenses in Alabama classified as Class A offenses,’ Martin was eligible for parole consideration because his 1973 rape conviction was not a Class A felony. The State argues that because the range of punishment for Lewis’s pre-1980 robbery convictions is consistent with the range of punishment for first-degree robbery, a Class A felony, the circuit court correctly held that Lewis was not eligible for sentence reconsideration; however, the State also states that if this Court agrees with the holding of the Alabama Court of Civil Appeals in Martin, this Court should remand the case to the circuit court for further consideration. We find Martin persuasive and hold that the pre-1980 felony convictions were not to be considered Class A felonies. Since the circuit court erred in finding Lewis ineligible and denying his petition for resentenc-ing by relying on two pre-1980 felony convictions that did not have any particular designation of class, we remand this case to the circuit court for it to set aside its order denying Lewis’s petition, and to reconsider it pursuant to this Court’s holding in Holt [v. State, 960 So.2d 726 (Ala.Crim.App.2006) ].”
On remand, the circuit court held a hearing on Lewis’s motion to reconsider and then granted the motion, purporting to amend Lewis’s sentence from life imprisonment without the possibility of parole to 30 years’ imprisonment. This Court again remanded the matter, stating:
“[T]he newly imposed sentence is not in compliance with the law. ‘Matters concerning unauthorized sentences are jurisdictional,’ Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994), and we may take notice of an illegal sentence at any time. See, e.g., Pender v. State, 740 So.2d 482 (Ala.Crim.App.1999). Section 13A-5-9.1, Ala.Code 1975, provided a mechanism for circuit courts to apply the provisions of § 13A-5-9, as amended in 2000, retroactively to a nonviolent convicted offender, provided that the offender met certain eligibility requirements. Thus, an eligible offender sentenced as a habitual felony offender to life imprisonment without the possibility of parole before May 25, 2000 — the date the amendment to the Habitual Felony Offender Act (‘the HFOA’) became effective — could be resentenced under the amended HFOA. Under the current HFOA, a defendant convicted of a Class A felony with three prior felony convictions, none of which are for Class A felonies, must be punished by imprisonment for life or for life without the possibility of parole. See § 13A-5-9(c)(3), Ala.Code 1975. In its response to Lewis’s motion, the State contended that Lewis’s 1983 sentence had been enhanced under the former HFOA with three prior felony convictions. Lewis does not dispute this claim, and although the record before this Court in this appeal does not disclose the number of prior felony convictions used to enhance Lewis’s 1983 conviction, the provision of the HFOA under which Lewis was sentenced at the time provided that a defendant convicted of a Class A felony with three prior felony convictions be sentenced to life imprisonment without the possibility of parole. Accordingly, because Lewis has three prior felony convictions, the minimum sentence Lewis could receive under § 13A-5-9(c)(3), *1181 Ala.Code 1975, was life imprisonment. His sentence to 30 years was, therefore, illegal. Thus, we must remand this case for the circuit court to conduct another sentencing hearing and to resentence Lewis in accordance with the HFOA.”
On second remand, the circuit court sentenced Lewis to life imprisonment. Because Lewis received the relief he requested, this Court, on return to remand, now dismisses Lewis’s appeal.
I dissented from both orders remanding this matter to the circuit court, and I now dissent from this Court’s decision to dismiss Lewis’s appeal. In my view, the circuit court was correct in its initial determination that Lewis’s first-degree-robbery convictions rendered him ineligible for sentence reconsideration under § 13A-5-9.1.
The underlying question in Lewis’s appeal — whether a pre-1980 felony conviction could render an offender ineligible for sentence reconsideration under § 13A-5-9.1 if that felony would have been a Class A felony at the time the HFOA was applied — is a question of first impression. As noted by this Court in its first unpublished order in this case, Lewis urged this Court to adopt the reasoning of the Alabama Court of Civil Appeals in Martin v. Alabama Board of Pardons & Paroles, 597 So.2d 214 (Ala.Civ.App.1992), in which it held that a 1973 conviction for rape could not be considered a Class A felony for purposes of parole consideration. This Court, as noted above, agreed with Lewis’s position and held that “pre-1980 felony convictions were not to be considered Class A felonies” in the context of a motion to reconsider a sentence pursuant to § 13A-5-9.1, Ala.Code 1975.
I am not persuaded by Lewis’s argument that the reasoning of Martin should be applied to this case. In addressing what classification of offense should be given to a prior out-of-state or federal conviction, this Court has considered the particular conduct at issue and classified the offense based on how that conduct would be classified under Alabama law. In Bendolph v. State, 997 So.2d 1049 (Ala.Crim.App.2007), this Court stated:
“As in Pigg [v. State, 925 So.2d 1001 (Ala.Crim.App.2005) ], the allegations in the federal indictment would, at most, constitute third-degree robbery in Alabama. However, in this case, the State also introduced into evidence the affidavit in support of the complaint from the federal case. The facts in the affidavit indicate that, during the robbery, the appellant represented that she was armed with a weapon. ‘It is well settled that “[i]n determining whether an out-of-state conviction will be used to enhance punishment pursuant to the HFOA, the conduct upon which the foreign conviction is based must be considered and not the foreign jurisdiction’s treatment of that conduct,” Daniels v. State, 621 So.2d 335, 342 (Ala.Crim.App.1992).’ Ginn v. State, 894 So.2d 793, 800 (Ala.Crim.App.2004). Because the appellant represented that she had a weapon at the time of the robbery, under Alabama law, her conduct would have constituted first-degree robbery. See § 13A-8-41(a) and (b), Ala.Code 1975. First-degree robbery is a Class A felony. See § 13A-8-41(c), Ala.Code 1975. Accordingly, the trial court properly considered the federal bank robbery conviction as a Class A felony and found that the appellant was subject to mandatory sentences of imprisonment for life without the possibility of parole.”
I think Bendolph — a case specifically addressing the HFOA — is more persuasive than the decision of the Court of Civil *1182 Appeals in Martin, which addressed eligí-bility for parole consideration. Accordingly, I would have affirmed the' circuit court’s-denial of Lewis’s motion to reconsider his sentence, and I respectfully dissent from this Court’s dismissal of Lewis’s appeal.